280 So.2d 13 (1973)
Curtis YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 72-690.
District Court of Appeal of Florida, Second District.
June 27, 1973.
James A. Gardner, Public Defender, and W. Daniel Kearney, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant, Curtis Young, brings this timely appeal from the judgment and sentence pursuant to a jury verdict of guilty of the crime of grand larceny in violation of Section 811.021, Florida Statutes, F.S.A.
Appellant poses three points for our determination; in view of our holding on Point III, we do not deem it necessary to discuss Points I and II. Point III is as follows:

THE PROSECUTOR IN HIS FINAL ARGUMENT IMPROPERLY COMMENTED ON DEFENDANT'S FAILURE TO TESTIFY.
The assistant state attorney in his argument to the jury stated:
I also spoke to you in opening argument about the strength of circumstantial evidence. Because the Defendant has not presented a defense today  there's only one thing that we know about this case, and that is that nobody saw him take the money. We heard testimony from Mrs. Garrett who said it was there when she left and it was gone when she returned.
The statement "... [b]ecause the Defendant has not presented a defense today... ." is clearly a comment upon the failure of appellant to testify as a defendant in a criminal cause. It is, therefore, prejudicial. The record discloses that when the above statement was made the assistant public defender timely objected. The trial judge requested that the statement be read back. The jury heard the statement repeated a second time. The motion for mistrial was denied by the trial judge.
The conviction of appellant was obtained primarily on circumstantial evidence. In our opinion the evidence presented by the state was not overwhelming nor all conclusive. While the statement of the prosecutor as to the failure of appellant to present a defense is not considered to be fundamental error, we do believe it prejudicial in the view of the totality of the circumstances in this case. We do not consider the harmless error statute to be applicable in the light of the record.
*14 Accordingly, on the authority of Griffin v. California, 1965, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106; Carter v. State, Fla.App. 1967, 199 So.2d 324, reh. den., May 26, 1967; and Singleton v. State, Fla.App. 1966, 183 So.2d 245, this cause is hereby
Reversed and remanded for new trial.
MANN, C.J., and HOBSON, J., concur.