**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ralph SERRANO, Defendant-Appellant.**

**No. 74–1135.**

United States Court of Appeals,
Fifth Circuit.

June 27, 1974.

————◆————

Paul P. Rao, Jr., New York City, for defendant-appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., Mark S. Geraghty, Trial Atty., U. S. Dept. of Justice, Crim. Div., Narcotic & Dangerous Drug Section, Washington, D. C., for plaintiff-appellee.

Before GOLDBERG, GODBOLD and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Serrano was convicted at a jury trial of conspiring to import heroin, in violation of 21 U.S.C. § 963. Serrano alleges in his appeal that four errors occurred at his trial: (1) that the circumstantial evidence of the conspiracy charged was insufficient for a conviction; (2) that the proof at trial materially varied from the charges in the indictment; (3) that the prosecutor made improper statements in his summation to the jury, which comments were plain error, and (4) that the government failed to disclose fully and timely an alleged agreement with an unindicted co-conspirator concerning that conspirator's testimony at trial, to the defendant's prejudice. After a careful review of the trial record and study of opposing briefs, this court finds that the first, second and fourth allegations of error on the part of the defendant-appellant are without merit. The prosecutor's summation, however, is found to have been improper and for that reason this case is reversed and remanded to the district court for a new trial.

The boundaries of propriety as to what can and cannot be included in a closing summation by a government prosecutor are very clearly drawn in this circuit. In United States v. Brown, 451 F.2d 1231 (1971), we considered this statement by a prosecutor:

"However, I would like to add that the attitude of Mr. Wilder on this assignment—the fact that he had never been in the Jacksonville area before; he never knew Mr. Hayes or Mr. Brown before he arrived here; the chances that he took, in the sense of being an undercover agent—he had no interest in this case, other than doing his job. *And I personally feel he did a real good job. I feel that he was doing his duty to his country, and to the organization of which he was a member—and he was doing it to the best of his ability, and it was successful, in my opinion.*" (Emphasis supplied). Id. at 1235–1236.

Considering the above statement, the court, in *Brown*, made a clear inunciation of the law to be applied. Judge Tuttle stated:

> . . . it is contended by the United States that this was harmless error and it should be overlooked. This court has passed too many times on this kind of comment by prosecutors to permit it to continue by allowing it to be brushed under the rug under the harmless error doctrine. See Gradsky v. United States, 5 Cir., 373 F.2d 706; Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321; Mc-Millian v. United States, 363 F.2d 165 (5th Cir. 1966); Dunn v. United States, 307 F.2d 883 (5th Cir. 1962) and Steele v. United States, 222 F.2d 628 (5th Cir. 1955).

> There is absolutely no justification for the reference to the danger undertaken by Wilder for working as an undercover agent and, of course, as we have said in the cases cited above, it was improper for the government counsel to state that he personally felt the agent "did a real good job," or that he felt that "he was doing his duty to his country," and finally that work he was doing was "successful, in my opinion."

In the case now before the court, the prosecuting attorney stated to the jury:

> You better believe he is only a man and he is one of the best undercover agents we have. He puts his life on the line for stuff and I wish we had more men like Jack Short. He is the kind of man we need to stamp out narcotic trafficking. He is a good undercover man. This is fortunate for us. He has been doing undercover work now for four years. If he were not successful we wouldn't have gotten Leal and Serrano and many others.

In *Brown*, *supra*, the government contended that the comment made by the prosecutor was harmless error and therefore should be overlooked. In the case now before the court, the government contends that the comment by the prosecutor was harmless error and therefore should be overlooked. As we disagreed in *Brown*, we must disagree now. *The two statements are almost identical in the message they communicated to the jury.*

We are compelled to conclude that this statement made by the prosecuting attorney deprived the defendant of a fair trial and therefore the conviction must be reversed and the case remanded for a new trial.

Reversed and remanded.