298 So.2d 543 (1974)
Howard BANKS, Appellant,
v.
STATE of Florida, Appellee.
No. U-411.
District Court of Appeal of Florida, First District.
August 15, 1974.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
RAWLS, Chief Judge.
Once again we have before us a record where the state, in the name of "Williams", went for the over-kill.[1]
Appellant Banks was charged and convicted of the crime of fondling a male child under the age of fourteen years in a lewd, lascivious and indecent manner.[2] In support of its accusation, the state adduced the testimony of the victim, age 10, and his friend, age 11. The testimony of these two witnesses was more than sufficient to sustain the conviction.
But the state was not content for it sought fit, over the vigorous objection of defense counsel, to present testimony of a collateral offense. A young male, fourteen years of age, was called to the stand and he testified in substance as follows: That he and his mother met the defendant (appellant) at a "Magic Market" and he knew defendant for the ensuing three weeks on a friendly basis; that a day or two after meeting defendant the witness, in hopes of seeing defendant, visited the store and invited defendant to the witness's home around 9:00 p.m.;[3] and upon arriving there he led the defendant into his bedroom.[4] The witness further testified *544 that nothing happened on that occasion, but that on two other occasions the defendant, without any threats, committed homosexual acts on his person. As stated above, this witness was 14 years of age, that being above the age set out in the statute. The witness's overall testimony was of enticement on his part of the defendant although he denied that he encouraged or solicited the defendant to commit the homosexual acts. A review of this record leads us to the inescapable conclusion that the singular purpose of injecting this collateral crime into the trial by the state was to prove the bad character of defendant and his propensity to commit a homosexual act.[5]
The judgment appealed is reversed and remanded for a new trial.
JOHNSON, J., concurs.
SPECTOR, J., dissents.
SPECTOR, Judge (dissenting).
I respectfully dissent from the majority's "underkill" opinion. I think the judgment should be affirmed.
NOTES
[1] Abram v. State, 216 So.2d 498 (1st Cir.Fla. App. 1968).
[2] Florida Statute 800.04.
[3] This witness testified that he knew his parents were not home.
[4] The witness testified, "I just asked him did he want to go back to the bedroom and see my bedroom, and he said yes. So, I went back there and showed him my bedroom."
[5] Williams v. State, 110 So.2d 654 (Fla. 1959).