WALDEN, Judge.
Appellant was convicted by a jury of entering without breaking to commit a misdemeanor. The appellant was sentenced to five years imprisonment. He bases this appeal on the theory that certain comments-questions made by the prosecutor on voir dire were prejudicial.
There are ample cases to support the proposition that a prosecutor may not directly or indirectly comment on a defendant’s failure to take the stand. See Trafficante v. State, 92 So.2d 811 (Fla.1957) ; Childers v. State, 277 So.2d 594 (4th D.C. A.Fla.1973); Young v. State, 280 So.2d 13 (2d D.C.A.Fla.1973) ; Carter v. State, 199 So.2d 324 (2d D.C.A.Fla.1967); Flaherty v. State, 183 So.2d 607 (4th D.C.A. Fla. 1966), however there was no timely objection to the comments in question. In State v. Jones, 204 So.2d 515 (Fla.1967) the Supreme Court held that, unless an objection was made to an alleged improper prosecutorial comment at final argument, defendant could not appeal the comment. The comment herein was not made at final argument but the reason for requiring an objection has not been dissipated. See State v. Jones, supra.
There being no error demonstrated, the judgment is
Affirmed.
OWEN, C. J., concurs.
CROSS, J., concurs only in conclusion.