317 So.2d 90 (1975)
Allen JENKINS, Jr., and Leon Jenkins, Appellants,
v.
STATE of Florida, Appellee.
No. U-169.
District Court of Appeal of Florida, First District.
August 27, 1975.
Robert A. Harper, Jr., Gainesville, for appellants.
Robert L. Shevin, Atty. Gen., and Gerry B. Rose, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Appellants-defendants were indicted for first degree murder. They pled not guilty. *91 Following a jury trial, they were found guilty of second degree murder. They appeal from the judgment adjudicating them guilty of second degree murder, and sentencing them to life in prison.
Defendants contend the following errors were committed by the trial court:
1. Permitting the state to comment in closing argument on the failure of defendant Allen Jenkins, Jr., to use his common law wife as an alibi witness;
2. requiring the presence of two deputy sheriffs, equipped with two-way radios, in the courtroom during the trial;
3. making a prejudicial statement in ruling on the admissibility of certain evidence; and
4. giving the standard jury instruction on "defendant not testifying", but refusing to change or amend the phrase "failure to take the witness stand" appearing therein, as requested by defendants.
We find no error and affirm.
In his opening statement, counsel for defendant Allen Jenkins, Jr., stated that the common law wife of this defendant would be called upon to testify that she and this defendant took their children to his mother between 8:00 P.M. and 8:30 P.M. on the evening of the alleged murder, and then proceeded to Cunningham's Country Club where they met with four individuals at approximately 9:00 P.M., the time of the alleged murder. The common law wife was present in the courthouse throughout the trial. In closing argument, the attorney for the State was permitted, over objection of this defendant's counsel, to comment that this defendant failed to produce his common law wife to testify as his counsel promised.
Alibi was the crucial defense in this case. If a witness knows material facts which will be helpful to a defendant in making his defense, and the witness is competent and available, the defendant's failure to produce the witness is properly a subject of comment by the prosecutor. This is particularly true if the witness is the spouse of the defendant. 23A C.J.S. Criminal Law § 1099 b, page 181; 5 A.L.R.2d 930.
The record presented to us fails to demonstrate that defendant's right to a fair trial was affected by the presence of two deputy sheriffs, equipped with two-way radios, in the courtroom during the trial.
During the trial, the following colloquy took place:
"THE COURT: Was he asked what Tony said?
"MR. HEBERT: He was about to say what was said in the presence of the Defendants.
"MR. HARPER: He's saying it's in the presence of the Defendants and I move it be striken.
"THE COURT: The evidence shows all this transpired, I believe, in the presence of the Defendants, which takes it out of the Exclusionary Hearsay Rule."
Defendants immediately moved for a mistrial, which was denied. However, the trial court properly instructed the jury to disregard the remarks of the State's attorney as well as his remarks. This was sufficient as the remarks were not prejudicial to the substantial rights of the defendants. Perry v. State, 146 Fla. 187, 200 So. 525 (1941).
Defendants requested the trial court to give standard criminal instruction 2.12(h), "defendant not testifying", but after it was given objected to the reading of the phrase "failure to take the witness stand", which appears in two places in the *92 standard instruction. This contention is without merit.
Affirmed.
BOYER, C.J., concurs.
McCORD, J., concurs specially.
McCORD, Judge (concurring specially).
I agree under the facts of this case that there was no error in the prosecutor's comment on closing argument as to the failure of defendant to produce his wife as a witness to his alibi. But insofar as the majority opinion may leave an inference that comment regarding a wife's failure to testify would always be proper, I add the caveat that such would be error if the wife's testimony would involve a privileged communication with her husband and if defense counsel had not opened the door for it by stating in his opening statement that she would be put on the stand to testify to the communication. See Ross v. State, Fla.App. (1st), 202 So.2d 582 (1967).