325 So.2d 456 (1976)
Earl L. DAUGHTREY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. W-517.
District Court of Appeal of Florida, First District.
January 14, 1976.
Rehearing Denied February 6, 1976.
Richard W. Ervin, III, Public Defender, Louis G. Carres, Asst. Public Defender, Jeffrey H. Savlov, Special Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., A.S. Johnston, Asst. Atty. Gen., for appellee.
*457 SACK, MARTIN, Associate Judge:
This is an appeal from a conviction for armed robbery and assault with intent to commit first degree murder.
The defense was an alibi, and the appellant took the stand on his own behalf, testifying as to his alleged whereabouts and persons whom he had seen during the day. During the prosecutor's closing remarks the following took place:
"... The Defendant has taken the stand and says he was not there either time. One time he says, `I was asleep in the bed and my wife came and woke me up and I decided not to go to work because it was raining and then I went on to work.' He gave me the names of people who were there, his supervisor, and the fact that he had punched in a time clock. Where is it? That is evidence folks. That's what he could bring to you to show you we got him wrong.
MR. WEED: We object to this your Honor, the comments on where are these people. The Defendant's not required to prove anything.
THE COURT: Sustained.
MR. WILLIS: Your Honor, I can comment on the lack of evidence. He brought the evidence of alibi forth. Lack of evidence in this regard is certainly a relevant and proper area to comment on in the alibi defense.
MR. WEED: I believe the Defense may comment on the lack of evidence, the State's lack of evidence of proving the innocence of this Defendant, there is no such thing.
MR. WILLIS: The reasonableness of his defense though, it's fair comment on evidence which has or has not been presented.
THE COURT: Sustained.
MR. WEED: Would you please instruct the Jury to disregard those comments?
THE COURT: Members of the jury disregard the comments which just occurred, just heard by you from the State Attorney. Do not consider them in arriving at your verdict.
MR. WILLIS: The Defendant testified from the stand that he had a supervisor and he gave you a name. The Defendant testified from the stand and the evidence is before you that he had a time clock that he had to punch. Now that's before you. You heard that from the stand. He has testified that on the day that he, that Mrs. Register was shot, that he had been at home and had tended to his child and then he had gone down and played pool at a poolhall. He had names he give you. The man who ran the place and the person he was with there and who he played pool with. He testified to those names. He knows them. He further testified that he supposed that's right where they were. He testified to the name of a store where he went and bought some, a drink or something like that, during the day of the 11th of December, in the trailer park where he lived. He testified to that to you. Names that he gave to you. Think about that when you consider his defense and his alibi ..."
Thus, the main point on appeal is whether this was fair comment on the defendant's testimony, it being urged by appellant that the prosecution was barred from mentioning or challenging the failure of the appellant to produce corroborative witnesses. Our decision here is based solely upon the defense of alibi (an affirmative defense) and the facts of this case.
In Jenkins, Jr. v. State, 317 So.2d 90 (Fla.App.1st, 1975) this court said:
"Alibi was the crucial defense in this case. If a witness knows material facts which will be helpful to a defendant in making his defense, and the witness is competent and available, the defendant's *458 failure to produce the witness is properly a subject of comment by the prosecutor ..."
We see no reason why the same rule should not be applied in this case. There have been sufficient safeguards erected through the years to fully insure a fair trial in these criminal cases, and we know no reason for erecting a barrier to the State's comment on the appellant's failure to produce competent and available witnesses in support of his claimed alibi. Since alibi is an affirmative defense in which the defendant is supposed to carry the burden of proof, why shouldn't his credibility be the subject of fair comment where the supporting witnesses are competent and available?
We have examined the other points on appeal and find no merit in them.
Accordingly, the judgment is affirmed.
BOYER, C.J., and MILLS, J., concur.