345 So.2d 361 (1977)
William SHAPIRO, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-541.
District Court of Appeal of Florida, Third District.
April 19, 1977.
Rehearing Denied May 25, 1977.
Bennett H. Brummer, Public Defender and Julian S. Mack, Asst. Public Defender and Larry Besser, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellant, William Shapiro, was indicted and tried by jury for first degree murder and conspiracy to commit murder. He was convicted on both counts; and sentenced to life imprisonment on the murder count and 15 years on the conspiracy count, both sentences to run concurrently.
For his first point on appeal defendant urges as reversible error the introduction of testimony concerning his alleged prior criminal activities in the participation of the sale of a stolen boat to the victim, Burt DeWitt.
Evidence of other crimes or criminal activities is admissible if found to be relevant for any purpose except that of showing bad character or propensity. Baker v. State, 241 So.2d 683 (Fla. 1970); Ashley v. State, 265 So.2d 685 (Fla. 1972); Tafero v. *362 State, 223 So.2d 564 (Fla. 3d DCA 1969). Thus, the issue presented for our determination is whether the testimony with regard to the defendant's participation in the sale of the stolen boat to the victim was relevant for any material purpose. The record discloses that on the eve of Mr. DeWitt's murder, his wife, concerned about her husband's whereabouts because he failed to return home, testified that she telephoned the defendant and questioned him as to who sold the boat to her husband. Defendant responded that he did not know Mr. DeWitt owned a boat. This response surprised Mrs. DeWitt because she previously had heard the defendant discussing her husband's boat. The testimony as to defendant's participation in the sale of the boat was relevant to show that he had knowledge of the boat's existence in light of his denial of that fact. Thus, this testimony went to the issue of the defendant's credibility. In addition, to the knowledge of its existence, the testimony also went to the issues of its proposed use to dispose of the victim's body,[1] to prove his involvement in the murder, conspiracy and his relationship with the other two participants in the crime. We, therefore, conclude that this point lacks merit.
Defendant secondly argues that the trial court erred in failing to declare a mistrial on the grounds that the cumulative effect of the prosecutorial comments was so prejudicial as to deny defendant a fair trial. We cannot agree.
One of the remarks complained of was made by the prosecutor in his closing argument. Defense counsel on cross-examination of the State's key witness, Larry Murren, attempted to impeach his testimony by questioning him about a prior inconsistent statement he had allegedly given before James Harris, a court reporter, while in the state attorney's office. Murren denied making such a statement and the prosecutor in closing argument pointed out to the jury that Harris was never called as a witness and, therefore, Murren's testimony on behalf of the prosecution remained unimpeached. The failure to call James Harris as a witness who would be helpful to the defense was properly a subject of comment by the prosecutor. Cf. Jenkins v. State, 317 So.2d 90 (Fla. 1st DCA 1975); Allen v. State, 320 So.2d 828 (Fla. 4th DCA 1975). In addition, we find the other prosecutorial remarks presented in this point on appeal were not improper in light of the context in which they were made.
After having reviewed defendant's remaining points on appeal, we have concluded that no reversible error has been made to appear and, therefore, we affirm the judgment of conviction and sentences.
Affirmed.
NOTES
[1] To place DeWitt's body in the boat, sail it out to sea and sink it.