RAWLS, Judge.
In the name of “Williams”,[1] the state adduced evidence of collateral crimes in procuring appellant’s conviction of committing the crime of involuntary sexual battery. We reverse.
The alleged victim[2] of the crime testified that he went to the home of appellant to locate a wallet that he had misplaced there earlier in the day. After procuring the wallet, the victim swore that, over his resistance, appellant grabbed him; dragged him throughout the house locking the doors; took him into a bedroom; pulled his pants down; slung him onto a bed; and proceeded to perform fellatio upon him. At the conclusion of the homosexual act, appellant released the victim and permitted him to ride his motorcycle home. Some three hours after he returned home, the victim told his father of the alleged attack. Appellant, in strenuously denying the victim’s testimony, testified that the victim appeared angered when he refused to allow the victim to ride his (appellant’s) motorcycle. At this point, we view a clear case of “one on one” — a classic factual dispute that our system of jurisprudence submits to a jury for resolution.
But the state was not satisfied. Over appellant’s objection, the state proffered *838 testimony of a 15-year old witness, who stated he had voluntarily submitted to appellant’s sexual advances. This witness testified on direct examination that he had known appellant for more than a year; had visited in appellant’s home about 30 times; had a minor male friend, 16 years old, who lived in appellant’s home; and that during the witness’ visits, appellant would show the boys pamphlets that depicted “boys sucking each other off”. This witness further testified that on 10 to 15 occasions appellant grabbed him between the legs, and in response to appellant’s promise to take him on trips and to let him ride appellant’s motorcycle, he. consented to appellant’s advances on two occasions in appellant’s home. Defense counsel restricted his cross examination of this witness upon the two incidents that he testified occurred in appellant’s home and as to the witness’ voluntary consent to engage in the sexual acts. Upon re-direct, in response to the state’s inquiry as to any homosexual advances by appellant without his consent, the witness testified about a trip that he and appellant had taken to Columbus, Georgia; that appellant bought him a lot of beer, got him drunk, and “found him feeling me”.
Squarely in point is this court’s opinion in Banks v. State, 298 So.2d 543 (Fla. 1st DCA 1974); As stated therein:
“. . .A review of this record leads us to the inescapable conclusion that the singular purpose of injecting this collateral crime into the trial by the state was to prove the bad character of defendant and his propensity to commit a homosexual act.”
The judgment appealed is reversed and remanded for a new trial.
McCORD, C. J., and SMITH, J., concur.

. Williams v. State, 110 So.2d 654 (Fla.1959).

. The victim was 13 years old at the time of the alleged offense.