352 So.2d 1237 (1977)
John LANE, Appellant,
v.
STATE of Florida, Appellee.
No. DD-302.
District Court of Appeal of Florida, First District.
December 2, 1977.
Rehearing Denied January 5, 1978.
Bartley K. Vickers of Mahon, Farley & Vickers, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., Donald K. Rudser and Raymond L. Marky, Asst. Attys. Gen., Tallahassee, for appellee.
*1238 PER CURIAM.
An appeal from a conviction for second degree murder. There was ample evidence of appellant's guilt. The arguments detailed in Judge Rawls' dissent do not in our view require reversal. See Arline v. State, 303 So.2d 37 (Fla. 1st DCA 1974).
AFFIRMED.
SMITH and ERVIN, JJ., concur.
RAWLS, Acting C.J., dissents.
RAWLS, Acting Chief Judge (dissenting).
I dissent.
William Ellison was the only eye witness to the shooting who was called to testify by the state. Ellison testified that he and his son had been driving around Jacksonville with the victim, Turner Wimberly. While stopped to purchase an ice cream that afternoon, Wimberly spotted the appellant, Lane, and, expressing his fear of Lane to Ellison, sought to flee. While attempting to escape, Ellison's car was trapped in an alley by Lane's vehicle. Ellison saw Lane and another man get out of the car armed with pistols. Both men approached Ellison's car and Lane fired into Wimberly's side of the car hitting Wimberly in the chest. Ellison grabbed his own pistol and fired a shot before driving off. Wimberly died of the gunshot wound. Ellison found a pistol under Wimberly's body on the car seat and threw it from the car with his own. When the police recovered the weapons, they found one expended round in Ellison's weapon and no expended rounds in Wimberly's.
Lane was the only witness to testify in his defense. He testified that he had been in a crap game that had been robbed by Wimberly and wanted to question Wimberly about his money. Lane stated that as he approached Ellison's car, he noticed that both Ellison and Wimberly were armed which caused him to turn and run. One shot was fired at him as he ran, so he secured his pistol from the car and fired three shots at the Ellison car in self defense.
James Harris, the passenger in Lane's car, was not called to testify by either side.
During final argument, the prosecutor made the following statement:
"I would like to mention to you a few things that I would like for you to keep in mind. Mr. Vickers mentioned that you should pay attention to the credibility of the witnesses, Mr. Ellison and Mr. Lane and the other witnesses that were there. I suggest to you that Mr. Ellison is quite credible, but then I have got [sic] to know him a little better than you have. You must base your decision on what you saw and the way he acted and what he had to say on the stand."
Appellant's motion for mistrial was denied.
Still later during the prosecutor's closing argument, the following transpired:
"The Defendant does not need to prove his innocence, but Mr. Lane is taking the stand in this case, and I suggest to you that in this instance there are other witnesses to what happened and one of them was riding with John Lane, which is James Harris, a man that Mr. Lane told you was a passenger in the car, but Mr. Harris did not testify.
MR. VICKERS [defense counsel]: Your Honor, at this point I would object and ask that that be stricken. He has the same opportunity to subpoena witnesses as I do.
THE COURT: Objection overruled.
MR. WEATHERBY [State]: The passenger in Mr. Lane's car did not testify, for one reason or another, but there is someone who does know what happened, and for some reason he is not here or was not here yesterday."
During his rebuttal, defense counsel reminded the jury that it was the state's burden of proving guilt and stated that it was not Lane's obligation to call Harris as a witness.
Appellant argues that the trial court erred: 1) in denying appellant's motion for mistrial based upon the prosecutor's comments on the credibility of his witness, and *1239 2) in overruling his objection to the prosecutor's comment as to why he did not call a witness.
In Seguin v. Hauser Motor Co., 350 So.2d 1089, Fourth DCA, opinion filed September 27, 1977, our sister court stated:
"... it is also axiomatic that the expression by a lawyer of his personal opinion as to the credibility of a witness is not a proper subject for argument to the trier of fact. Florida Bar Code of Professional Responsibility Canon 7, E.C. 7-24, D.R. 7-106."
In Tampa Transit Lines, Inc. v. Corbin, 62 So.2d 10 (Fla. 1952), the Supreme Court stated:
"When a prosecutor makes a statement which could be construed by the jury as implying that he has additional reasons for knowing that what a witness has said is true and those reasons are not known to the jury, the comment no longer has the appearance of a mere indiscretion on the part of the prosecutor but constitutes reversible error."
See also United States v. Serrano, 496 F.2d 81 (5th Cir.1974); United States v. Lamerson, 457 F.2d 371 (5th Cir.1972); United States v. Brown, 451 F.2d 1231 (5th Cir.1971); and Gradsky v. United States, 373 F.2d 706 (5th Cir.1967).
Failure of a defendant to produce a witness in making his defense if the witness is competent and available is properly a subject of comment by the prosecutor. Jenkins v. State, 317 So.2d 90 (Fla. 1st DCA 1975); and Daughtrey v. State, 325 So.2d 456 (Fla. 1st DCA 1976). However, missing in this case, in my opinion, are the key elements of competency and availability. The prosecutor failed to demonstrate that James Harris was either competent or available. The assumption by the prosecutor in his argument that appellant could have produced Harris if he so desired was without any record support.
The cumulative erroneous comments of the prosecutor were prejudicial to the rights of appellant, and thus I would reverse and remand for a new trial.