PER CURIAM.
Appellant appeals his grand larceny conviction, claiming that a statement made by the prosecutor in his closing argument constituted an improper comment on his consti *406 tutional right to remain silent. We agree and reverse.
The record reveals that the evidence against appellant was composed of (1) the testimony of a co-defendant who had turned State’s evidence, and (2) the testimony of a Pensacola police investigator who stated that inculpatory information against appellant had been given to him by third parties who did not testify at the trial. Appellant did not testify or present a defense. The prosecutor in his closing argument made the following statement:
“I submit to you that the McDaniels [the third parties mentioned in the investigator’s testimony] have done that sufficiently [corroborated the co-defendant’s testimony] in placing Gilbert in Pensacola at the time. And if Gilbert wasn’t in Pensacola, then I submit you probably have some alibi witnesses to tell us exactly where he was, but we don’t have that, and so I submit — ”
Appellant’s counsel objected and moved for a mistrial. The court denied the motion and gave the jury the following cautionary instruction:
“Ladies and gentlemen of the jury, the state attorney made a comment as to the defendants being placed in Pensacola, and made the further comment that should he not have been in Pensacola he probably could have had an alibi or some witnesses to testify. The defendant is not required in any criminal case to testify himself, produce any evidence in his own behalf, so I will caution you to disregard the inadvertent comment that the state attorney made, and let him proceed on his argument.”
Subsequently, appellant was found guilty by the jury and his motion for a new trial was denied.
We believe that in the circumstances of this case the comment made by the prosecutor and the judge’s subsequent cautionary instruction called an improper amount of attention to the appellant’s lack of an alibi defense and thereby violated his right to remain silent. The prosecutor’s remark may well have tipped the scales against appellant by leaving the jury with the impression that appellant had the burden to come forward with a defense and prove his innocence. That error was particularly harmful here where the State’s case was comprised of the vague, contradictory testimony of the co-defendant and little else. We believe appellant should be afforded a new trial.
The judgment and sentence are reversed and the cause remanded for a new trial.
McCORD, C. J., and MILLS and ERVIN, JJ., concur.