413 So.2d 1283 (1982)
Janice Marie KINDELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1884.
District Court of Appeal of Florida, Third District.
May 18, 1982.
*1284 Bennett H. Brummer, Public Defender, Robert R. Schrank and Elliot H. Scherker, Asst. Public Defenders and Bart J. Eagle, Legal Intern, for appellant.
Jim Smith, Atty. Gen., and James H. Greason, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The defendant appeals her conviction of multiple offenses of aggravated assault with a deadly weapon committed upon Betty Jean Williams (Count I) and Wallace Hyman (Count II); felonious display of a firearm (Count III); and discharge of a dangerous weapon into an occupied dwelling (Count IV). The trial court stayed and withheld imposition of judgment and sentence but nonetheless ordered that the defendant be placed upon four five-year concurrent terms of probation with a special term and condition thereof, and with respect to Counts I and II, that she be imprisoned for three years.
It is the defendant's contention that during closing argument the prosecutor made an impermissible comment upon her right *1285 to silence. In the alternative, she argues the state adduced evidence of the defendant's failure to produce witnesses at trial and later exploited that improper issue by arguing it to the jury during summation.
We are of the view that because the matter was not properly preserved for appellate review it cannot serve as a basis for reversal.
The alleged error occurred during the state's examination of one of the arresting officers [through whom the state produced the defendant's confession] as follows:
PROSECUTOR: Did the defendant ever tell you that she was with two other women at the time this incident took place?
... .
POLICE OFFICER: No. She didn't say anything about two other women.
During closing argument, the assistant state attorney made the following argument to the jury:
PROSECUTOR: One of the best defense witnesses in this case would have been the two people that were with the defendant when she was arrested.
Did you hear one word from either of those two people that were with the defendant when she was arrested? Were either of those people called?
DEFENSE COUNSEL: Objection, Your Honor, I move for a side-bar at this time.
THE COURT: Motion for a side-bar at this time denied. I will hear it later.
PROSECUTOR: Were either of those two witnesses called? Of course not. You did not hear any testimony from them, did you?
All they had to do was come in and say, "Yes. Janice was with us at the time this shooting happened. She could not have been where everyone else says she was ..."
Following completion of closing arguments, the jury was immediately instructed and retired to deliberate. At that point, the following transpired:
DEFENSE COUNSEL: If it please the Court, at this time in reference to my objection during the State's final argument, I would make a motion for mistrial.
At that point, I believe the State, and the record will bear me out, made reference to the fact why didn't the defense bring in the two people Janice Kindell was with, et cetera, et cetera. I believe that is totally uncalled for.
It reflects not only on the defendant's right to remain silent, that the defendant in this case did, in fact, remain silent. It is reversible error, Your Honor, in not allowing me to make my objection. You were not in a position to give a curative instruction. I believe at this point a mistrial should be granted.
THE COURT: You chose to do it at side-bar. Most counsel like to make their objections to the Court. Nothing was suggested about a curative instruction.
In fact, I did give them one. I told them the burden was not on you. Your client is presumed innocent. The burden is on the State.
DEFENSE COUNSEL: If I might respond?
THE COURT: I do not think it is necessary unless you want to put something on the record for later reading.
DEFENSE COUNSEL: Yes, Your Honor. That would be the purpose.
THE COURT: It is really not necessary.
DEFENSE COUNSEL: I felt at the time a side-bar could have been granted, should have been granted so that I could have requested a curative instruction.
I will state for the record I do not believe a curative instruction would have corrected what is harmful and prejudicial error.
THE COURT: All right, sir.
DEFENSE COUNSEL: May I have a ruling?
THE COURT: I deny it. I already denied it, counsel. [emphasis supplied]
We have been unable to locate any case directly holding that comments of this nature constitute an impermissible comment on the defendant's right to silence. However, assuming arguendo that it was such a *1286 comment, plainly, under the colloquy above recited, defense counsel did not make and save the point for appellate review either by timely objection, curative instruction, or motion for mistrial as required by State v. Cumbie, 380 So.2d 1031 (Fla. 1980) and Clark v. State, 363 So.2d 331 (Fla. 1978).
Nonetheless, the defendant contends here that, under the so-called doctrine of futility, it was unnecessary, in the posture of this case, to object because, after the jury had retired and the defendant's side-bar request had been heard, the trial court stated: "I already denied it, counsel." In Brown v. State, 206 So.2d 377 (Fla. 1968), our Supreme Court recognized that an attorney is not required to present a written request for jury instructions where the court made it abundantly clear that it would not give the charge, whether requested in writing or not, stating:
A lawyer is not required to pursue a completely useless course when the judge has announced in advance that it will be fruitless.
206 So.2d at 384. Likewise, in Birge v. State, 92 So.2d 819 (Fla. 1957), the trial court indicated that the presentation of nominal evidence would exclude the defendant's right to open and close before the jury and that an objection was unnecessary. There, Justice Thornal, speaking for the Court, stated:
While it is true that on appeal every reasonable presumption is extended in favor of the correctness of the ultimate judgment of the trial court and the burden is upon the appellant to show reversible error, nevertheless, it is certainly unnecessary that an accused undertake to accomplish an obviously useless thing in the face of a positive adverse ruling by the presiding judge. In this case the trial judge had clearly and specifically announced his ruling to the effect that the appellant would not be permitted the opening and closing arguments. This ruling was announced just before the State rested its case. [emphasis supplied]
92 So.2d at 822.
In both Brown and Birge, supra, the defense counsel's tactical request was made prematurely but the defendant's ultimate position had been virtually postured out so as to enable the trial court and opposing counsel to be fully apprised as to the defendant's position. To have required the defendant to timely and formally lodge a proper objection would have amounted to nothing more than to mandate the undertaking of an idle gesture. In the present case, defense counsel only requested a side-bar conference, which the trial court postponed until the jury had been instructed and retired to deliberate. The purpose of an objection is to enlighten the trial court concerning the proper direction and rulings that should be made by it during the course of a trial, thereby obviating prejudicial error and the necessity of a new trial. In this case, defense counsel did not enlighten the trial court concerning his ultimate position. The trial court's ruling was simply too ambiguous, when gauged by objective standards, to presume that the trial court knew or ought to have known of the defendant's objection contemporaneously with the prosecutor's improper tactics. Consequently, we reject the defendant's argument on this point.
Although a side-bar conference may be a preferable method for resolving a dispute of such a delicate nature, neither the state nor the defendant enjoys the right to side-bar conference. Unless counsel clears such a procedure in advance with the individual trial judge, they ordinarily must abide by the teachings of Clark v. State, supra, and lodge objections and requests for curative instructions contemporaneously with the improper comment. In the case of a motion for a mistrial, it may be made sometime during closing argument but, at the very latest, it must be presented before the jury retires to deliberate. State v. Cumbie, supra.
The defendant also claims that the evidence does not demonstrate that the victims, Williams and Hyman, were placed in fear of imminent bodily harm. State v. White, 324 So.2d 630 (Fla. 1976). We disagree. The evidence showed that the defendant, who, at the time of the incident, was pregnant, became enraged because of *1287 an insulting remark from her former boyfriend. Due to her condition, she proclaimed her inability to fight and stated that she would leave and return with a gun. She did, in fact, leave the apartment. Upon her return, she approached the door and one of the victims heard her remark that she was going to start shooting if no one opened the door. Shots then penetrated the door striking both victims. A threatening weapon need not be viewed by the assaulted victim to give rise to a wellfounded fear of violence. United States v. James, 452 F.2d 1375 (D.C. Cir.1971). The defendant's verbal threats, that she would deal with the victims upon her return and would start shooting if the door was not opened, constituted sufficient circumstances to warrant a reasonable inference in the minds of the intended victims that bodily harm was imminent. Gilbert v. State, 347 So.2d 1087 (Fla. 3d DCA 1977).
The defendant also contends that her conviction of felonious display of a firearm must be reversed because the elements necessary to sustain that charge also form the basis of her conviction of the separate charge of aggravated assault with a dangerous weapon. In State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), the Supreme Court held that the double jeopardy clause does not prohibit separate convictions for the separate statutory offenses even when they arise from a single criminal episode. Consequently, we must affirm the defendant's conviction for the felonious display of a firearm. However, the defendant cannot be separtely sentenced for the aggravated assault and possession of a firearm because the firearm charge is a lesser included offense of the felony. State v. Monroe, 406 So.2d 1115 (Fla. 1981); State v. Hegstrom, supra. Consequently, the defendant's sentence for the display of a firearm is vacated.
Although the defendant has not raised this point, the sentence imposed for the aggravated assault may be illegal under Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1981). Because the trial court upon remand for correction of the sentence may withdraw the sentence and impose a new sentence, Singleton v. State (Fla. 5th DCA 1982) (Case no. 81-379, opinion filed February 3, 1982); Gomez v. State, 409 So.2d 1096 (Fla. 3d DCA 1981); Flynn v. State, 413 So.2d 36 (Fla. 1st DCA 1981); Alexander v. State, 402 So.2d 485 (Fla. 2d DCA 1981); Lewis v. State, 402 So.2d 482 (Fla. 2d DCA 1981), the appellant may wish to decline correction of her sentence. Accordingly, we do not remand for correction of the sentence but observe that this affirmance is without prejudice to appellant seeking resentencing by raising the Villery issue in a motion filed in the trial court pursuant to Florida Rule of Criminal Procedure 3.850. Coffey v. State, 403 So.2d 1152 (Fla. 2d DCA 1981).
Affirmed in part and reversed in part.
DANIEL S. PEARSON, Judge, concurring specially.
The impermissible comment in this case has not the slightest thing to do with the ground belatedly urged by defense counsel. It is understandable, therefore, that Judge Nesbitt is "unable to locate any case directly holding that comments of this nature constitute an impermissible comment on the defendant's right to silence." My concern, however, is that Judge Nesbitt's opinion, by not addressing the real ground for objection, leaves the implication that the prosecutor's conduct, because it did not offend against the asserted ground of the defendant's right to remain silent, was inoffensive. Nothing could be further from the truth.
Some background is in order. Several hours after the alleged crime, the defendant was arrested at her home. Two women were with the defendant at the time of her arrest. There is not even a suggestion in this record that these women were with Kindell when the crime occurred. The women gave no statements whatsoever to the police, much less statements indicating any knowledge of the subject events or Kindell's whereabouts when the alleged crime was committed.[1] Lastly, Kindell *1288 filed no notice of alibi or even intimated an alibi defense during the trial.[2]
Enter the straw man. The prosecutor asked the officer who took the defendant's confession whether the defendant told him she was with two other women at the time of the incident. The question and answer seemed, at the time, innocuous. The officer accurately answered "No."[3]
The straw man's life was short lived. In closing argument, the prosecutor told the jury that the defendant failed to call the two women who were with her at the time of her arrest. The suggestion was that the jury could (and, indeed, should) draw an inference against the defendant that the testimony of these witnesses would not have supported the defendant's "alibi."
Even if, arguendo, the defendant had interposed an alibi defense, the prosecutor's argument to the jury, under the circumstances of this case, would have been objectionable. An inference adverse to the defendant is permitted when the defendant fails to call witnesses only when it is shown that the witnesses are peculiarly within the defendant's power to produce and the testimony of the witnesses would elucidate the transaction, that is, that the witnesses are both available and competent.[4]Graves v. United States, 150 U.S. 118, 14 S.Ct. 40, 37 L.Ed. 1021 (1893); United States v. Blakemore, 489 F.2d 193 (6th Cir.1973); Gass v. United States, 416 F.2d 767 (D.C. Cir.1969)[5]; Lane v. State, 352 So.2d 1237 (Fla. 1st DCA 1977) (Rawls, J., dissenting).[6]Compare Buckrem v. State, 355 So.2d 111 (Fla. 1978) (recognizing rule, but finding that comment was proper where witnesses, one of whom was defendant's wife, were available and, in light of defendant's stated alibi defense that he was in the company of these witnesses, were competent to give supportive testimony); Jenkins v. State, 317 So.2d 90 (Fla. 1st DCA 1975) (recognizing rule, but finding that comment was proper where defendant in opening statement said he would call his wife as alibi witness, the wife, therefore, being definitively available and competent). In the present case, the State not only totally failed to establish the competency and availability of the so-called alibi witnesses as a predicate to its argument, but  even more egregiously  itself created, in order to later destroy, the alibi defense.
I must agree, however, that the error was not preserved for review. A motion for a side bar, although apparently quite popular in these parts, and perhaps mentioned in some esoteric compendium of trial motions, is, in my view, the functional equivalent of a child raising his hand in the classroom.[7] *1289 Since it is a time-honored rule that, in a courtroom, a party must state the nature and grounds of any objection, a "motion for side bar," by itself, preserves nothing for review. That being the case, the defendant must look to her subsequent motion for mistrial, which, as Judge Nesbitt correctly observes,[8] came too late to preserve the matter for our review. See State v. Cumbie, 380 So.2d 1031 (Fla. 1980). But even if, arguendo, the defendant's first real opportunity to make the motion for mistrial did not come until after the jury was sent out to deliberate, she fares no better in preserving the point. At no time did she express the view that the prosecutor's argument required a mistrial. Instead, her stated ground for mistrial was that the court's refusal to conduct a side bar deprived her of a curative instruction. Thus, since the defendant's announced belief was that a curative instruction would have remedied the prosecutor's improper comment, it was incumbent on her, if she wanted an immediate cure, to request it.[9] While a motion for mistrial may be delayed until the conclusion of the prosecutor's argument without losing its vitality, a request that the jury be immediately admonished to disregard an improper comment, by definition, may not be postponed. If, then, as here, the defendant is concededly satisfied that a curative instruction would sufficiently remedy the impropriety, and fails to specifically request that one be given, she cannot thereafter convert her own omission into a ground for mistrial. However, had a timely motion for mistrial directed to the prosecutor's improper comment been made and denied, I would vote to reverse.
My final comments relate to the majority's view that the imposition of a three-year incarceration period as a special condition of probation is a fundamental sentencing error under Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1981). The defendant was convicted of aggravated assault, having had in her possession a firearm. Section 775.087(2)(a), Florida Statutes (1977), requires that a defendant so convicted be sentenced to a minimum term of imprisonment of three years. The statute further states that imposition of sentence shall not be withheld. The record reflects, however, that the trial court did, contrary to the statute, withhold imposition of sentence and place the defendant on probation for five years with three years of incarceration as a condition of probation. In my view, the sentence imposed violates the clear language of Section 775.087, not Villery. Where a minimum mandatory three-year term is imposed and a defendant is statutorily ineligible for parole until the three years have been served, the concern of the court in Villery that a defendant will be deprived of parole consideration is nonexistent. Thus, while I see a technical, but no practical, impediment to the sentence pronounced on the defendant herein, I see none at all if upon resentencing the court were to impose a split sentence of three years of incarceration to be followed by two years of probation. Such a sentence would satisfy the requirements of Section 775.087(2) *1290 and be an obvious exception to Villery.
BASKIN, Judge (Concurring in part in Judge NESBITT's opinion and concurring in part in Judge DANIEL S. PEARSON's opinion).
I concur in Judge Pearson's opinion on the question concerning preservation of objections and motions for mistrial.
Concerning the Villery question, however, I disagree with Judge Pearson's position and concur in the result expressed in Judge Nesbitt's opinion.
NOTES
[1] In fact, the arresting officer did not even get the names of the two women with Kindell at the time of her arrest.
[2] Kindell did not testify and called no witnesses. Her defense, despite her confession, was that the State's witnesses were wrong when they identified her as the perpetrator.
[3] When an arrested defendant has, as here, appropriately waived the right to counsel and right to remain silent and has elected to talk to the police, it does not offend against any constitutional right of the defendant to elicit from the interrogating officer testimony that the defendant did not mention certain things. Anderson v. Charles, 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980). See Jenkins v. Anderson, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980); Raffel v. United States, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054 (1926). But the question of the relevancy of such an omission is entirely separate from its admissibility over constitutional objection. See Jenkins v. Anderson, supra, 447 U.S. at 243, 100 S.Ct. at 2132, 65 L.Ed.2d at 98 (Stevens, J., concurring). Thus, the omission of defensive claims at the time of interrogation is relevant to disprove such claims when made at a later trial. Here there was no in-trial alibi claim, and therefore, no relevancy to the question. The question's purpose was to set up the prosecutor's later argument.
[4] The same rule applies to the State's failure to call witnesses.
[5] In Gass, the defendant, during his testimony on the defense of alibi, named eight people who saw him in a theater at the time of the alleged crime. The prosecutor argued that defendant's failure to call these people showed that their testimony would be unfavorable to defendant's alibi. The court, conceding the competency of their potential testimony, held that the comment was improper, since there was no showing that it was within defendant's power to produce the witnesses.
[6] The affirmance in Lane is based on harmless error, not any disagreement with the arguments made in Judge Rawls' dissent.
[7] I do, however, glean from the trial court's later remarks that it knew that defense counsel wanted to say something pertaining to his objection and the case.
[8] The trial court's earlier statement, "I will hear it later," certainly cannot be construed as an announcement that a motion for mistrial would be fruitless, so as to excuse the defendant from making a timely motion. Compare Thomas v. State (Fla. 1982) (Case No. 60,477, opinion filed March 25, 1982).
[9] Since the defendant erroneously viewed the prosecutor's statement as a comment on the defendant's silence, the trial court might have properly denied an instruction designed to meet that objection. Had defendant's objection been, as it should have, to the impropriety of the prosecutor's comment on the defendant's failure to call witnesses, then the defendant's ability to procure the witnesses and their competency to testify could have been explored. Gass v. United States, supra. Indeed, Gass suggests that before such comments are made, a ruling from the trial court should be obtained. Presumably, the trial court will then decide if the party seeking to make the comment about failure to call has shown that the uncalled witnesses are competent and available. If the argument is then permitted, the jury should be instructed on the possible adverse inference to be drawn from the failure to call. In the present case, had this procedure been followed, the argument would not have been made. Moreover, I point out that the trial court's standard instruction on burden of proof does not cure, as the trial court believed, the improper comment in the present case.