430 So.2d 949 (1983)
Julius Horace DIXON, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1205.
District Court of Appeal of Florida, Third District.
April 26, 1983.
Rehearing Denied May 25, 1983.
*950 Bennett H. Brummer, Public Defender and Entin, Schwartz, Dion & Scalfani, North Miami Beach, and Spencer Levine, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Scott A. Silver and Diane Leeds, Asst. Attys. Gen., for appellee.
Before HENDRY, HUBBART and NESBITT, JJ.
NESBITT, Judge.
The defendant appeals his conviction for trespass of a structure occupied by a human being. We reverse and remand for a new trial.
The defendant first argues that the prosecutor's statement, "I submit to you if these police officers had anything to say about the innocence of the defendant they could have and would have been called by the defendant," in response to the defense's comment on the state's lack of evidence, was impermissible. Because we find that the prosecutor's comment may have led the jury to believe that the defendant had the burden of proving his innocence, the defendant is entitled to a new trial. Compare Wright v. State, 363 So.2d 617 (Fla. 1st DCA 1978), cert. denied, 372 So.2d 471 (Fla. 1979); Gilbert v. State, 362 So.2d 405 (Fla. 1st DCA 1978); Young v. State, 280 So.2d 13 (Fla. 2d DCA 1973) with Jacobs v. State, 389 So.2d 1054 (Fla. 3d DCA 1980), pet. for review denied, 397 So.2d 778 (Fla. 1981); Weeks v. State, 363 So.2d 176 (Fla. 4th DCA 1978), Shapiro v. State, 345 So.2d 361 (Fla. 3d DCA), cert. denied, 353 So.2d 678 (Fla. 1977); Allen v. State, 320 So.2d 828 (Fla. 4th DCA 1975), dismissed, 330 So.2d 725 (Fla. 1976) (the state may comment on the failure of the defense to call a witness whom the defendant claimed was favorable to his case) and Buckrem v. State, 355 So.2d 111 (Fla. 1978); Daughtrey v. State, 325 So.2d 456 (Fla. 1st DCA), cert. denied, 336 So.2d 600 (Fla. 1976).
Jenkins v. State, 317 So.2d 90 (Fla. 1st DCA 1975) (the state was permitted to comment on the defense's failure to produce alibi witnesses).
The defendant next contends that the trial court erroneously admitted, as evidence of collateral crimes, testimony to the effect that the defendant had on twenty to fifty occasions attempted to obtain money from the victim. Because there was a difference between the previous acts, in which the victim voluntarily gave money to the defendant, and the crime charged, in which the defendant allegedly threatened the victim with a gun, we can only conclude that the evidence was introduced for the improper purpose of highlighting the defendant's bad character. This being in violation of Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), we reverse on this point as well. See also Phillips v. State, 350 So.2d 837 (Fla. 1st DCA 1977); Harris v. State, 183 So.2d 291 (Fla. 2d DCA 1966).
Because of this disposition, we need not reach the other contentions raised by the defendant.
Reversed and remanded for a new trial.