436 So.2d 269 (1983)
Ernesto Ricardo SALAZAR-RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-972.
District Court of Appeal of Florida, Third District.
July 26, 1983.
Rehearing Denied September 8, 1983.
*270 Bennett H. Brummer, Public Defender, and Stephen Loffredo, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Marti A. Rothenberg, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Appellant complains of three court-sanctioned improprieties committed during his trial. They include: (1) the prosecutor's thinly veiled attempt to suggest to the jury that appellant was a Mariel boatlift refugee by tracking his moves from Key West in May of 1980 to Arkansas, to Atlanta and then back to Miami; (2) the prosecutor's argument to the jury that "[I]f you all condone what happened in Hialeah on September 22, 1981, well there is the front door. You can all walk them right through that front door."; and (3) the prosecutor's description during closing argument of the testimony that witnesses not called by the defense would have given had they testified. Finding that the errors have been preserved for appellate review and that appellant's challenges have merit, we reverse.
Our review of the record reveals that "the trial was so fraught with errors that reversal could be bottomed on a multitude of them." Kirk v. State, 227 So.2d 40, 24 (Fla. 4th DCA 1969). We base our reversal primarily upon the state's comments on appellant's failure to call witnesses. Michaels v. State, 429 So.2d 338 (Fla. 4th DCA 1983); Kirk. By placing before the jury testimony that was never elicited because the witnesses were not called to testify, the state itself testified. Such conduct is totally improper. See, e.g., Clinton v. State, 53 Fla. 98, 43 So. 312 (1907); Bradham v. State, 41 Fla. 541, 26 So. 730 (1899); Thompson v. State, 318 So.2d 549 (Fla. 4th DCA 1975), cert. denied, 333 So.2d 465 (Fla. 1976).
Next, we note that during argument in support of the state's motion to limit questioning of its witnesses the prosecutor stated that questions about the circumstances surrounding the witnesses' arrival in Florida should be avoided because:
[I]t's highly prejudicial to them because of the unfortunate reputation that's come about throughout the community of all people from the Mariel boatlift....
It is just as prejudicial to point out that appellant arrived from Mariel during the boatlift as it is to reveal that fact about prosecution witnesses. The trial court's ruling that counsel could not refer to any witness, victim or to the defendant as a Mariel refugee but could inquire regarding the date of arrival in the United States did not authorize the devious tactics employed by the state.
The final basis for reversal is the comment by the prosecutor:
Because they figured that you all and rightfully so, would be the most concerned about the kind of activity that goes on in this county, and if you all condone what happened in Hialeah on September 22, 1981, well there is the front door. You can all walk them right *271 through that front door. (emphasis added)
This comment differs little from the comment in McMillan v. State, 409 So.2d 197 (Fla. 3d DCA 1982) and was neither proper nor harmless error.
For these reasons we reverse appellant's conviction of aggravated battery with a deadly weapon and remand the cause for a new trial.