437 So.2d 198 (1983)
Thomas Guy BAYSHORE, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-2695.
District Court of Appeal of Florida, Third District.
September 13, 1983.
*199 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
HENDRY, Judge.
Defendant below appeals from his conviction of burglary and grand theft. The only issue on appeal is whether the trial court erred in refusing to grant appellant's motion for a mistrial following the prosecutor's comments on appellant's failure to call his father as an "alibi" witness. We find merit in this argument and reverse.
Appellant was convicted on the basis of the testimony of the victim who said she awoke to find the appellant rummaging through her purse. The purse contained $200.00 in cash. The victim stated that she recognized the appellant because he was a neighbor. She also picked appellant's picture out of a photo line-up. Approximately one week after the incident, appellant was arrested at his father's home, which is 3-4 miles away from the victim's residence. Appellant filed no notice of alibi, nor did he even hint at an alibi defense during the trial. The defense focused solely on the fact that the victim told the investigating officer that the perpetrator, whom she named as Tommy Bayshore, had a birth-mark on his face when the appellant, in fact, has none.
And now, as Judge Pearson said in Kindell v. State, 413 So.2d 1283 (Fla. 3d DCA 1982) (Pearson, J. concurring), enter the straw man. The prosecutor asked the arresting officer, Detective Rivera, whether appellant made any statements during the ride to the Dade County Jail. Detective Rivera responded by saying that appellant "kept making statements that he wasn't in the neighborhood. He wasn't anywhere near there. That he was at his father's house on the night of the burglary ..."
Having created the straw man, the prosecutor then proceeded to knock it down. During closing arguments the prosecutor told the jury to use its common sense. "[I]f Thomas Bayshore was at home with his father as he told Officer (sic) Rivera, where's the one person who can corroborate that?" The prosecutor once again commented on appellant's failure to call his father as an alibi witness even after there was an objection to his first comment. Appellant moved for a mistrial after the second improper comment. This motion was denied.
In Kindell v. State, Judge Pearson stated that "[a]n inference adverse to the defendant is permitted when the defendant fails to call witnesses only when it is shown that the witnesses are peculiarly within the defendant's power to produce and the testimony of the witnesses would elucidate the transaction, that is, that the witnesses are both available and competent." Id. at 1288. See also Lane v. State, 352 So.2d 1237 (Fla. 1st DCA 1977). The same adverse inference may be shown if the defendant raises alibi as a defense and then fails to call alibi witnesses. Pena v. State, 432 So.2d 715 (Fla. 3d DCA 1983); Jacobs v. State, 389 So.2d 1054 (Fla. 3d DCA 1980), rev. denied, 397 So.2d 778 (Fla. 1981); Daughtrey v. State, 325 So.2d 456 (Fla. 1st DCA), cert. denied, 336 So.2d 600 (Fla. 1976); Jenkins v. State, 317 So.2d 90 (Fla. 1st DCA 1975). In the instant case, however, as in Kindell, supra, the state not only "totally failed to establish the competency and availability of the ... [father as an] alibi witness as a predicate to its argument, but  even more egregiously  itself created, in order to later destroy, the alibi defense." Id. at 1288.
When the propriety of prosecutorial comments is raised on appeal, the key question is "whether or not [we] can see from the record that the conduct of the prosecuting attorney did not prejudice the accused, and unless this conclusion be reached, the judgment should be reversed." Lipman v. State, 428 So.2d 733, 736 (Fla. 1st DCA 1983), quoting Coleman v. State, 420 So.2d 354, 356 (Fla. 5th DCA 1982). Because the whole issue of alibi was raised by *200 the state, we find that the prosecutor's comments may have led the jury to believe that appellant had the burden of proving his innocence. Dixon v. State, 430 So.2d 949 (Fla. 3d DCA 1983); Gilbert v. State, 362 So.2d 405 (Fla. 1st DCA 1978). See also Salazar-Rodriguez v. State, 436 So.2d 269 (Fla. 3d DCA 1983); Michaels v. State, 429 So.2d 338 (Fla. 2d DCA 1983).
For these reasons this cause is reversed and remanded for a new trial.