637 So.2d 35 (1994)
Ronald E. GUTHRIE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04232.
District Court of Appeal of Florida, Second District.
May 11, 1994.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Ronald E. Guthrie, challenges the judgment and sentence imposed upon him after a jury found him guilty of first degree murder. We affirm.
The grand jury returned an indictment charging the appellant with first degree murder in connection with the stabbing death of Elizabeth Martin. Since the appellant's only contention on appeal concerns the admissibility of evidence that he was a homosexual, it is not necessary to set forth in detail all of the evidence presented at the appellant's jury trial.
The appellant, Ms. Martin, and Alex Martin (Ms. Martin's son) resided together in a *36 home in Pinellas County. The appellant and Alex Martin had a homosexual relationship. After Ms. Martin's death, the appellant made several statements concerning his involvement with the murder. According to at least one of those statements, the appellant and Alex Martin had discussed killing Ms. Martin in order to obtain certain insurance benefits and to obtain the proceeds from the sale of some property in Jacksonville, Florida. The appellant stated that Alex Martin had promised to take care of him for the rest of his life. Additionally, while in custody awaiting trial, the appellant admitted to a person being held in the cell next to his that he had killed Ms. Martin for insurance proceeds and some jewelry.
At the conclusion of the guilt phase of appellant's trial, the jury found him guilty of first degree murder, and at the end of the penalty phase of the trial, they recommended that he be sentenced to life imprisonment. The appellant was subsequently adjudicated guilty and sentenced to life imprisonment. This timely appeal followed.
The appellant's only contention is that the trial court erred by allowing testimony that the appellant and Alex Martin were both homosexuals and that they were engaged in a homosexual relationship at the time of the crime. The appellant takes the position that the evidence was an improper attack on his character because he had not first put his character in issue. The state, on the other hand, takes the position that the evidence was admissible to show motive for the killing. We agree with the state.
The Florida Supreme Court in Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), while discussing the collateral crime rule, stated the general rule to be that any fact relevant to prove a fact in issue is admissible into evidence unless its admissibility is precluded by some specific rule of exclusion. The rule, for example, is subject to the exception that such evidence is inadmissible if its sole relevancy is to establish character or propensity on the part of the accused. This rule was later codified in the evidence code. Sias v. State, 416 So.2d 1213 (Fla. 3d DCA), rev. denied, 424 So.2d 763 (Fla. 1982); § 90.404, Fla. Stat. (1991). Therefore, evidence of homosexual acts are inadmissible if the singular purpose of attempting to interject it into a trial is to prove the bad character of a defendant or his propensity to commit a homosexual act. Banks v. State, 298 So.2d 543 (Fla. 1st DCA 1974), cert. denied, 308 So.2d 538 (Fla. 1975). See also Phillips v. State, 350 So.2d 837 (Fla. 1st DCA 1977). In this case, however, the appellant was not charged with any homosexual act and the evidence was relevant to establish motive. Furthermore, if evidence is admissible for a particular purpose, the fact that it would be otherwise inadmissible does not ipso facto render it inadmissible. See Sias.
Prior to the trial of this case, the appellant filed a motion in limine seeking to have any evidence concerning his homosexuality kept from the jury. At the hearing on that motion, the state contended that the evidence was admissible to establish the motive for the killing. The trial court accepted the state's position and denied the motion. We agree with the trial court.
According to the appellant's own statement, he and Alex Martin discussed killing Ms. Martin in order that Alex would acquire insurance proceeds and the proceeds from the sale of the Jacksonville property. After Alex acquired those funds he agreed to take care of the appellant for the rest of his life. The testimony concerning the homosexual relationship of the appellant and Alex was relevant to help establish this motive and therefore was admissible. State v. Statewright, 300 So.2d 674 (Fla. 1974). See also Toole v. State, 479 So.2d 731 (Fla. 1985); Michael v. State, 437 So.2d 138 (Fla. 1983), cert. denied, 465 U.S. 1013, 104 S.Ct. 1017, 79 L.Ed.2d 246 (1984); Alford v. State, 307 So.2d 433 (Fla. 1975), cert. denied, 428 U.S. 912, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). Furthermore, the trial court did not err in determining that the probative value of the evidence outweighed any potential prejudicial impact on the appellant's trial.
Although we find that the trial court properly admitted the questioned evidence at the appellant's trial, we would not have reversed *37 even if the evidence was improperly admitted. The appellant filed a motion in limine in an effort to preclude the evidence from his trial, however, he did not object to the admission of the evidence during the trial. An error such as this is not preserved by filing a motion in limine because an objection must also be made at the time a party is trying to introduce the evidence. Thomas v. State, 424 So.2d 193 (Fla. 5th DCA 1983). When the appellant did not object to the introduction of the evidence at trial, his objection was waived.
We, accordingly, affirm the appellant's judgment and sentence.
Affirmed.
DANAHY, A.C.J., and FULMER, JJ., concur.