463 So.2d 423 (1985)
Clarence SIMMONS, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1371.
District Court of Appeal of Florida, Third District.
February 5, 1985.
*424 Bennett H. Brummer, Public Defender and Henry H. Harnage, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Jack B. Ludin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
PER CURIAM.
The final judgments of conviction and sentences under review are affirmed. We are unpersuaded that the trial court committed reversible error in allowing the prosecuting attorney to make certain comments to the jury, which comments are complained of in the sole point on appeal.
The defendant presented an alibi defense at trial through witness testimony and argument of counsel. The prosecutor responded to the defense, in closing argument to the jury, by commenting on the defendant's failure to call as a witness the person whom the defendant told the police he was going to meet at the time of his arrest for robbery  which arrest immediately followed the robbery and occurred in the immediate vicinity of the crime. Under these circumstances, we think the comment was entirely proper because (a) it was made in response to a defense of alibi asserted at trial by the defendant; (b) the witness was within the peculiar power of the defendant to produce as he was supposedly a friend of the defendant and (c) the witness' testimony would have elucidated the transaction at hand and therefore constituted potentially competent testimony. The trial court committed no reversible error in overruling the defendant's objection to this comment. See Buckrem v. State, 355 So.2d 111 (Fla. 1978); Romero v. State, 435 So.2d 318 (Fla. 4th DCA 1983), pet. for review denied, 447 So.2d 888 (Fla. 1984), and cases collected; Kindell v. State, 413 So.2d 1283, 1287-88 (Fla. 3d DCA 1982) (Pearson, J., concurring), and cases collected.
Affirmed.