478 So.2d 871 (1985)
Roberto MARTINEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-2372.
District Court of Appeal of Florida, Third District.
November 20, 1985.
Rehearing Denied December 10, 1985.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before NESBITT, DANIEL S. PEARSON, and FERGUSON, JJ.
FERGUSON, Judge.
Defendant appeals his convictions for false imprisonment, grand theft and burglary. He contends that the trial court erred in prohibiting his attorney from arguing to the jury that the State's unexplained failure to call the codefendant, who was listed as a state witness, created an inference that the codefendant's testimony would not have been favorable to the State. By precluding the argument, appellant contends, the court infringed upon his right to effective assistance of counsel.
More specifically the argument is that where a codefendant enters a guilty plea, is listed as a state witness, then gives deposition testimony damaging to defendant, the codefendant has a special relationship to the State which diminishes defendant's access to the witness as compared to the State's access, so that even though the State chooses not to call the codefendant at trial, defendant is free to argue that the jury may draw negative inferences from the fact that the State refused to call the codefendant.
The general rule is that an inference adverse to a party based on the party's failure to call a witness is permissible when it is shown that the witness is peculiarly within the party's power to produce and the testimony of the witness would elucidate the transaction. Kindell v. State, 413 So.2d 1283, 1288 (Fla. 3d DCA 1982) (Daniel *872 S. Pearson, J., specially concurring) (citing Graves v. United States, 150 U.S. 118, 14 S.Ct. 40, 37 L.Ed. 1021 (1893), and other authorities).
"`Availability' of a witness to a party must take into account both practical and physical considerations. [cite omitted]. Thus whether a person is to be regarded as peculiarly within the control of one party may depend as much on his relationship to that party as on his physical availability." United States v. Blakemore, 489 F.2d 193, 195 (6th Cir.1973).
Such special relationships have been found where (1) the witness was defendant's daughter, State v. Michaels, 454 So.2d 560 (Fla. 1984), (2) there was a friendship between the party and witness, Simmons v. State, 463 So.2d 423 (Fla. 3d DCA 1985), (3) the witness was the employer of the defendant, Milton v. United States, 110 F.2d 556 (D.C. Cir.1940), (4) the witness was a police officer closely associated with the government in developing its case and had an interest in seeing his police work vindicated by defendant's conviction, United States v. Mahone, 537 F.2d 922 (7th Cir.), cert. denied, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976), (5) the witnesses were state employees who were present at alleged suggestive pretrial line-up and were still in state's employ at time of trial, United States ex rel. Cannon v. Smith, 527 F.2d 702 (2d Cir.1975), and (6) the witness was an informer associated with government in development of case against defendant and there was no indication at trial of any break in the association, Burgess v. United States, 440 F.2d 226 (D.C. Cir.1970).
We find in this record only that the codefendant entered a plea to the charges, was listed by the State as a witness, was brought to Miami from a prison elsewhere in the state in the event his testimony was desired by the State, and was deposed by the defendant. No special relationship can be found from these facts which make the codefendant less available to the defendant than to the State. A "special relationship" takes its substance from extraneous circumstances, natural or contractual, which give rise to testimonial predilection favorable to a party. Such special circumstances, suggestive of favoritism to the State, are lacking in this case. An argument could be made that in the natural order of things, absent some inducement to do otherwise, a codefendant whose case has been disposed of by trial or plea could be expected to give testimony favorable to the defendant  which might explain the State's decision to not call him as its witness.
A second issue, which challenges the sufficiency of the State's proof as to ownership of the burglarized premises, is affirmed on authority of In the Interest of M.E., 370 So.2d 795 (Fla. 1979) and Adirim v. State, 350 So.2d 1082 (Fla. 3d DCA 1977), cert. denied, 365 So.2d 709 (Fla. 1978).
Affirmed.