PER CURIAM.
This is an appeal by the defendant Mark John Young from a final judgment of conviction and sentence for aggravated battery which was entered below based on an adverse jury verdict. We reverse and remand for a new trial based on a holding that the trial court committed reversible error in admitting in evidence, over objection, a highly prejudicial hearsay statement made to a police officer by a non-testifying third party.
The defendant testified in this case that he stabbed the complainant with a knife in self defense after the complainant had struck the defendant in the face with a pipe. Officer Lopez of the City of Miami Police Department arrested the defendant on the same day as the alleged incident; the defendant had a large gash on his face, which gash was consistent with the defendant’s testimony that he had been struck in the face by the complainant with a pipe. To offset this highly unfavorable evidence, the state elicited from Officer Lopez, over objection, that in the course of his investigation he had a conversation with a man named Isaac who, in turn, made a certain statement to Officer Lopez concerning the gash on the defendant’s face. In this hearsay statement, Isaac, who never testified below, claimed that he had a fight with the defendant after the defendant’s fight with the complainant, and that Isaac had inflicted the gash on the defendant’s face.
Plainly, the above statement was totally inadmissible in evidence as it constituted hearsay evidence and failed to qualify for admission under any exception to the general rule excluding hearsay evidence. State v. Baird, 572 So.2d 904 (Fla.1990); Harris v. State, 544 So.2d 322 (Fla.4th DCA 1989); Haynes v. State, 502 So.2d 507 (Fla. 1st DCA 1987); § 90.801(1)(c), Fla. Stat. (1989). Moreover, it was enormously prejudicial to the defendant’s claim of self-defense below and cannot be said to be harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
As there will have to be a new trial in this case, we will address two other points raised by the defendant which may arise upon retrial. We think the defendant may properly comment on the failure of the state to call, as a witness at trial, an eyewitness to the altercation between the complainant and the defendant, namely, the complainant's friend named Austin. Martinez v. State, 478 So.2d 871 (Fla.3d DCA 1985), rev. denied, 488 So.2d 830 (Fla.1986); Simmons v. State, 463 So.2d 423 (Fla.3d DCA 1985); Kindell v. State, 413 So.2d 1283, 1288 (Fla.3d DCA 1982) (Daniel S. Pearson, J., concurring). Moreover, the state may not introduce testimony that the defendant has a reputation for violence in the community unless the defendant places his character in issue by calling witnesses who attest to the defendant's good reputation in the community, Dixon v. State, 426 So.2d 1258 (Fla.2d DCA 1983); Wilt v. State, 410 So.2d 924, 925 (Fla.3d DCA 1982); § 90.404(1)(a), Fla.Stat. (1989); the state may not, in any event, introduce reputation testimony through an investigating police officer. Parker v. State, 458 So.2d 750, 753-54 (Fla.1984), cert, denied, 470 U.S. 1088, 105 S.Ct. 1855, 85 L.Ed.2d 152 (1985); Stripling v. State, 349 So.2d 187, 192 (Fla.3d DCA 1977), cert, denied, 359 So.2d 1220 (Fla.1978). Although neither of these points rise to the level of reversible error, especially the character evidence point as the offending evidence was not objected to by the defendant, we trust that such errors will not be repeated upon retrial.
The final judgment of conviction and sentence under review are reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.