RAMIREZ, J.
Steven Washington appeals his convictions and sentences for unlawful possession of a firearm or weapon by a convicted felon and for carrying a concealed firearm. We affirm.
Washington first argues that the trial court should have granted his motion to suppress because the police did not have probable cause to arrest him for reckless driving. We disagree. The uncontrovert-ed evidence at the suppression hearing showed that not only did Washington travel at a highly excessive speed, but his vehicle forced another vehicle to veer out of the way when Washington’s vehicle went airborne after crossing railroad tracks. This evidence was sufficient to establish probable cause for an arrest for reckless driving. See State v. Orozco, 607 So.2d 464 (Fla. 3d DCA 1992).
Washington also complains that the trial court improperly allowed the State to comment on Washington’s failure to call his cousin as a witness. Generally, the state may not comment upon a defendant’s failure to present evidence, thereby shifting the burden to the defendant. However, there is a “narrow exception to allow comment when the defendant voluntarily assumes some burden of proof by asserting the defenses of alibi, self-defense, and defense of others, relying on facts that could be elicited only from a witness who is not equally available to the state.” Jackson v. State, 575 So.2d 181, 188 (Fla.1991). In this case, Washington raised the affirmative defense of emergency or necessity when he elicited testimony from the arresting officer that Washington stated, at the time of his arrest, that he took the firearm away from his cousin because he was afraid that his cousin might shoot someone. Although the court in Jackson did not mention the defense of emergency or necessity, Washington’s defense was essentially the same as the defense of others in that Washington tried to protect others from his cousin, as well as protect his cousin from himself. Additionally, we have recognized an inference adverse to a party based on the party’s failure to call a witness when the witness is peculiarly within the party’s power to produce and the testimony of the witness would elucidate the transaction. Martinez v. State, 478 So.2d 871 (Fla. 3d DCA 1985). Washington’s cousin would be such a witness, particularly as he never revealed the name and address of the cousin. We thus find no error in allowing the State to comment briefly on whether Washington failed to call his cousin as a witness.