826 So.2d 464 (2002)
Victor RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1479.
District Court of Appeal of Florida, Third District.
September 18, 2002.
Victor Rodriguez, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before COPE, GREEN and RAMIREZ, JJ.
COPE, J.
Victor Rodriguez appeals an order denying his motion to correct illegal sentence. We affirm.
Defendant-appellant Rodriguez was convicted of burglary of an unoccupied structure *465 and other offenses.[*] On the burglary count he was sentenced as a violent career criminal.
In his motion the defendant contends that he does not actually qualify as a violent career criminal. He reaches that conclusion because his three predicate offenses were all prior convictions for burglary of an unoccupied structure. He contends that these offenses do not qualify him as a violent career criminal.
The violent career criminal statute provides, in pertinent part, that qualifying offenses include "[a]ny forcible felony, as described in s.776.08." § 775.084(1)(c)1.a., Fla. Stat. (Supp.1998).
Section 776.08, Florida Statutes (1997), provides:
776.08 Forcible felony."Forcible felony" means treason; murder; manslaughter; sexual battery; carjacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual.
(Emphasis added).
Because burglary is an enumerated forcible felony, it follows that the defendant qualifies under the statute. Section 776.08 does not distinguish between burglary of an occupied or unoccupied structure or conveyance. See State v. Emmund, 698 So.2d 1318, 1319 & n. 2. (Fla. 3d DCA 1997).
The defendant points out that the final portion of section 776.08 refers to "any other felony which involves the use or threat of physical force or violence against any individual." He contends that the phrase "involves the use or threat of physical force or violence against any individual" must be read as a limitation on all of the crimes listed in the forcible felony statute. Thus, under the defendant's reading, a burglary would be a forcible felony only if in the particular circumstances of the crime, there had been the use or threat of physical force or violence against an individual.
We do not agree with that reading of the statute. As we view the matter, the definition includes all enumerated felonies, plus any additional felony which involves the use or threat of physical force or violence against an individual. See Hudson v. State, 800 So.2d 627, 628-30 (Fla. 3d DCA 2001) (on motion for rehearing granted) (analyzing the non-enumerated felony of shooting or throwing a deadly missile in violation of section 790.19, Florida Statutes).
Affirmed.
NOTES
[*] The crime date was October 30, 1998.