837 So.2d 428 (2002)
Pedro DELSOL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1574.
District Court of Appeal of Florida, Third District.
September 25, 2002.
Rehearing and Rehearing Denied February 12, 2003.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Frank J. Ingrassia, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and GODERICH and SORONDO, JJ.
Rehearing and Rehearing En Banc Denied February 12, 2003.
*429 PER CURIAM.
The defendant, Pedro Delsol, appeals his final judgment of conviction for the crimes of burglary of an occupied dwelling and grand theft in the third degree and his sentence as a violent career criminal. Finding no merit in defendant's arguments concerning either his conviction or sentence, we affirm.
We affirm the conviction without discussion. As concerns the sentence, the state sought to have the defendant adjudicated and sentenced as a violent career criminal under section 775.084, Florida Statutes (1999). The state introduced certified copies of defendant's prior criminal record which consisted of three convictions for possession of cocaine, one conviction for burglary of a dwelling, three convictions for burglary of a conveyance, one conviction for attempted burglary of a conveyance, and one conviction for burglary with an assault.
Defense counsel argued that other than the one burglary with an assault, the prior convictions were all of unoccupied structures and, therefore, since the burglaries were not violent those offenses could not be considered forcible felonies under the statute and as a result, the defendant could not be sentenced as a violent career criminal under the Gort Act. For the reasons set forth in Rodriguez v. State, No. 02-1479, 826 So.2d 464(Fla. 3d DCA 2002), we disagree.
Affirmed.
GODERICH and SORONDO, JJ., concur.
SCHWARTZ, Chief Judge (dissenting in part).
Applying the rule of lenity, as we must, Rodriguez v. State, 773 So.2d 1222 (Fla. 3d DCA 2000), review denied, 817 So.2d 850 (Fla.2002), and the maxim of noscitur a sociis, as we should, see Ex parte Amos, 93 Fla. 5, 112 So. 289 (1927), I believe that because all of the crimes listed in section 776.08[1] are of a violent nature, and its last sentence refers to "any other [e.s.] felony which involves the use or threat of force against any individual," the burglary referred to must be restricted to one involving violence.
On that basis, I would reverse the violent career criminal sentence imposed on the defendant.
NOTES
[1] Section 776.08, Florida Statutes (1997), provides:

776.08 Forcible felony."Forcible felony" means treason; murder; manslaughter; sexual battery; carjacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual.