837 So.2d 436 (2002)
Emilio DIAZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1647.
District Court of Appeal of Florida, Third District.
November 13, 2002.
Rehearing or Rehearing Denied February 12, 2003.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Richard E. Doran, Attorney General, and Michael Neimand, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and RAMIREZ, J., and NESBITT, Senior Judge.
Rehearing or Rehearing En Banc Denied February 12, 2003.
RAMIREZ, J.
Emilio Diaz appeals his judgment of conviction and sentence for burglary of an occupied dwelling. We affirm his conviction and sentence.
The owner of Florida Leather Supply testified that when he arrived at work in the early morning hours of September 3, 1999, he heard the sound of glass breaking. He observed Diaz enter his business and attempt to take a computer located a foot from the front door. When he yelled, Diaz ran away. The owner fell on the broken glass, but recovered a red tote bag from outside the door that contained a photograph of Diaz. The owner identified Diaz at trial.
Diaz argues that the trial court committed fundamental error by instructing the jury that the intent necessary to commit a burglary could be formed at the time of "entering and/or remaining at the structure." He relies on the Florida Supreme Court cases of Delgado v. State, 776 So.2d 233 (Fla.2000) and Floyd v. State, 27 Fla. L. Weekly S697, ___ So.2d ___, 2002 WL 1926223 (Fla. August 22, 2002), as well as the Fifth District case of Valentine v. State, 774 So.2d 934 (Fla. 5th DCA 2001). We disagree because under the facts of our case the "remaining in" language may be viewed as mere surplusage. See Johnekins *437 v. State, 823 So.2d 253 (Fla. 3d DCA 2002).
Diaz next complains of opinion testimony elicited from a police detective that fingerprints are not necessary where there is a positive identification made by the victim. A better question would have been whether the burglary unit dusts for fingerprints when the perpetrator leaves his photographic identification behind. But any error in allowing this testimony was clearly harmless.
Finally, Diaz assigns error in his sentence as a violent career criminal when his prior convictions were all for burglaries of unoccupied structures. We find the argument persuasive for the reasons stated in Chief Judge Schwartz's dissent in Delsol v. State, 837 So.2d 428, (2002), but we are bound by the results in that case and therefore affirm.[1]
Affirmed.
NOTES
[1] We trust that the Office of the Public Defender will need no encouragement to file a motion for rehearing en banc of this issue.