854 So.2d 840 (2003)
Juan CALA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-923.
District Court of Appeal of Florida, Third District.
September 24, 2003.
Kenneth P. Speiller, Miami, for appellant.
Charles J. Crist, Jr., Attorney General, and Barbara Zappi, Assistant Attorney General, (Ft.Lauderdale), for appellee.
Before COPE, SHEVIN, and WELLS, JJ.
PER CURIAM.
Juan Cala challenges his sentence as a violent career criminal arguing that the non-violent burglaries on which his sentence was based are not qualifying offenses as "described" in section 776.08 of the Florida Statutes. See § 775.084(1)(d), Fla. Stat. (2003) (defining a violent career criminal as a defendant who has previously been convicted as an adult three or more times for an offense that is a "forcible felony, as described in s. 776.08"). According to Cala, section 776.08 enumerates those crimes that may qualify as predicate forcible felonies if and only if they involve the use or threat of physical force or violence. We disagree.
Section 776.08 defines the term forcible felony to mean those crimes expressly enumerated, irrespective of the use or threat of physical force or violence, as well as those crimes not enumerated which involve the use or threat of physical force or violence:
"Forcible felony" means treason; murder; manslaughter; sexual battery; carjacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual.
§ 776.08, Fla. Stat. (2003) (emphasis added).
As we explained in Rodriguez v. State, 837 So.2d 1177, 1178-79 (Fla. 3d DCA 2003), the final clause of section 776.08 looks to the statutory elements of crimes not enumerated, not to the elements of those crimes expressly listed. Thus, a prior conviction for burglary, even for burglary of an unoccupied premises, may qualify as a predicate conviction under section 775.084. See, e.g., Woody v. State, 847 So.2d 566 (Fla. 3d DCA 2003) (holding that "non-violent burglaries ... counted as qualifying offenses"); Delsol v. State, 837 So.2d 428 (Fla. 3d DCA 2002) (holding that non-violent burglaries could be considered *841 forcible felonies under section 775.084 as qualifying offenses); see also Spikes v. State, 851 So.2d 252 (Fla. 3d DCA 2003) (confirming that conviction for burglary of an unoccupied conveyance qualifies a defendant as a violent career criminal under section 775.084(1)(c)).
Affirmed.