WELLS, J.
Luis Angel Chacon appeals from his convictions for aggravated battery with a deadly weapon, attempted aggravated battery, and aggravated stalking, all- stemming from an incident in. which he. attempted to run over his former paramour and members of her family with a car. .He claims that the trial court improperly admitted hearsay testimony and character evidence and improperly sentenced him as a violent career criminal without the proper qualifying forcible felonies. We affirm.
We find meritless Chacon’s complaint that he is entitled to a reversal because the victim’s testimony that he telephoned her and wrote her letters threatening her, her son, and her grandson was inadmissible, prejudicial hearsay. First, admissions of a party are exceptions to the hearsay rule. See § 90.803(18)(a), Fla. Stat. (2005). Second, this testimony was not elicited to demonstrate Chacon’s bad character but to prove the crimes charged, that is, that he intended to harm the victim and her family, and that he violated section 784.048.[1] Third, Chacon’s failure to object to this testimony permits review only to determine whether fundamental error exists. See Doorbal v. State, 837 So.2d 940, 954 (Fla.2003). As to this testimony, no such error is demonstrated. The victim’s testimony only supports the determination that Chacon committed the crimes with which he was charged; it therefore validated the trial rather than vitiating it. See id. at 954-55 (stating that fundamental error is error so serious that it reaches down into the validity of a trial itself and vitiates it).
The testimony that Chacon threatened to kill the victim’s son before attempting to run him over also is not inadmissible character evidence but evidence of intent to harm (batter) this individual. See Williams v. State, 110 So.2d 654, 662 (Fla.1959) (confirming that relevant evidence is that which “casts light upon the character of the act under investigation by showing motive, intent, absence of mistake, common scheme, identity or a system or general pattern of criminality so that the evidence of the prior offenses would have a relevant or a material bearing on some essential aspect of the offense being tried”). There was no error in admitting this testimony. And, while the testimony of a police officer who recounted events which had been reported to her by others may have been improperly admitted hearsay, it was met with no objection, was at most cumulative to the testimony of a number of others who witnessed the events first hand, and was not so egregious as to vitiate the entire trial.
*1179 The trial court also properly sentenced Chacon as a violent career criminal as the primary offenses for which Chacon was being sentenced were aggravated stalking and burglary with assault and battery, both of which qualified him for enhancement under section 775.084(d)(1), Fla. Stat (2005). See § 775.084(d)(1), Fla. Stat. (2005) (listing aggravated stalking and the forcible felonies described in section 776.08 as qualifying offenses); § 776.08, Fla. Stat. (2005) (listing “burglary” as a forcible felony); Rodriguez v. State, 826 So.2d 464, 465 (Fla. 3d DCA 2002) (confirming that burglary of an unoccupied structure is a qualifying offense under section 775.084 because section 776.08 lists burglary generally as a qualifying offense); see also Delsol v. State, 837 So.2d 428, 429 (Fla. 3d DCA 2002) (same).
Chacon’s convictions and sentences are, therefore, affirmed.
Affirmed.

. Section 784.048 includes harassment within the definition of stalking and defines harassment as "engage[ing] in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.” § 784.048(l)(a), Fla. Stat. (2005); see also § 784.048(3), Fla. Stat. (2005) (defining aggravated stalking as willful, malicious, and repeated harassment of another with the intent to place that person in reasonable fear of death or bodily injury).