960 So.2d 816 (2007)
Frank Abel HERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-602.
District Court of Appeal of Florida, Third District.
June 27, 2007.
Bennett H. Brummer, Miami, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, Orlando, and Jennifer Falcone Moore, Assistant Attorney General, Tampa, for appellee.
Before SHEPHERD and ROTHENBERG, JJ., and LEVY, Senior Judge.
SHEPHERD, J.
Defendant brings us four points of error by direct appeal of his conviction and sentence *817 for burglary of an unoccupied dwelling and grand theft. We find merit only in the last point concerning his sentence. We discuss each point briefly.
Defendant first asserts he was entitled to a judgment of acquittal due to a lack of competent evidence from which the jury could conclude defendant entered the victim's residence. The only evidence on this point is a standard fingerprint card placed into evidence by the State, without defense objection, during the course of the State's latent fingerprint examiner's expert testimony. The examiner identified the print to a standard taken from defendant. On the back of the card is a handwritten notation from the police department crime scene technician, tying the print to the date and place of the crime. The technician was deposed by defendant but not called by either party. No other testimony placed the print at the location of the crime.
Defendant contends the handwriting on the back of the card constituted inadmissible hearsay, and is insufficient to support a jury verdict that defendant was in the premises. We disagree. The failure of defendant to object to the admission of the card constitutes a waiver of this point. See Ray v. State, 403 So.2d 956 (Fla.1981); German v. State, 379 So.2d 1013, 1014 (Fla. 4th DCA 1980). The evidence on this point is sufficient to support the jury verdict. See Pagan v. State, 830 So.2d 792, 803 (Fla.2002)("If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction."). We note in passing that defense counsel had ample access to the card, having cross-examined the expert latent fingerprint examiner, and elected to publish the card to the jury. Defendant's attacks on the prosecution on this appeal are meritless.
Defendant next contends the trial court erred by refusing to allow the defense, during closing argument, to comment upon the fact that the technician was an uncalled witness. We find no error. "[T]he purpose of closing argument is disserved when comment upon irrelevant matters is permitted." Haliburton v. State, 561 So.2d 248, 250 (Fla.1990). The fact that a potential witness, even a police officer who worked on the case, is not called by the State does not give the defendant absolute right to insinuate on closing argument that the witness's testimony would be negative to the State. State v. Michaels, 454 So.2d 560, 562 (Fla. 1984)("When such witnesses are equally available to both parties, no inference should be drawn or comments made on the failure of either party to call the witness."). Cf. Martinez v. State, 478 So.2d 871, 871 (Fla. 3d DCA 1985)("[A]n inference adverse to a party based on the party's failure to call a witness is permissible when it is shown that the witness is peculiarly within the party's power to produce and the testimony of the witness would elucidate the transaction."). Finally, it was admitted at oral argument that calling the technician would have only further "prosecut[ed] our own client."
Defendant's third argument is that burglary of an unoccupied dwelling does not constitute a forcible felony that would permit his sentence as a "violent career criminal" under section 775.084(1)(d), Florida Statutes (1999). This argument repeatedly has been rejected by this court. Delsol v. State, 837 So.2d 428 (Fla. 3d DCA 2002), review denied 889 So.2d 71 (Fla.2004); Diaz v. State, 837 So.2d 436 (Fla. 3d DCA 2002); Rodriguez v. State, 826 So.2d 464 (Fla. 3d DCA 2002).
*818 We find the State properly confessed error on the defendant's fourth point. At the time of the offenses, burglary was not a qualifying offense under the Prison Releasee Reoffender Act. § 775.082(9)(a)(1), Fla. Stat. (1999). The fifteen-year minimum mandatory sentence given defendant under this statute must be vacated.
Affirmed in part, and reversed in part, with directions to vacate the Prison Releasee Reoffender Act portion of defendant's sentence. The defendant need not be present.