SUAREZ, J.
Bobby Jones seeks to reverse the trial court’s summary denial of his post-conviction appeal filed pursuant to Florida Rule of Criminal Procedure 3.800, alleging illegal sentencing. He asserts that his prior convictions for second-degree burglary, which were of unoccupied structures and without violence, do not qualify him for sentencing as a violent career criminal pursuant to- section 775.084, Florida Statutes (1999). This Court has repeatedly rejected that argument because section 776.08, Florida Statutes (1999), expressly lists “burglary” as a forcible felony.[1] See Hernandez v. State, 960 So.2d 816 (Fla. 3d DCA 2007); Woody v. State, 847 So.2d 566 (Fla. 3d DCA 2003); Cala v. State, 854 So.2d 840 (Fla. 3d DCA 2003); Spikes v. State, 851 So.2d 252 (Fla. 3d DCA 2003); Delsol v. State, 837 So.2d 428 (Fla. 3d DCA 2002), review denied 889 So.2d 71 (Fla.2004); Diaz v. State, 837 So.2d 436 (Fla. 3d DCA 2002); Rodriguez v. State, 826 So.2d 464 (Fla. 3d DCA 2002).
Affirmed.

. We note, however, that the most severe sentence enhancement under section 775.084 includes prior convictions for any burglary, armed or unarmed, under the definition of “forcible felony” in section 776.08. This is so despite the three less severe penalty categories included in section 775.084 requiring armed burglary for enhancement. As the court did in Diaz v. State, 837 So.2d 436 (Fla. 3d DCA 2002), we agree with Judge Schwartz's reasoning in Delsol v. State, 837 So.2d 428 (Fla. 3d DCA 2002) (Schwartz, J., dissenting in part), but are bound by the listed authorities.