993 So.2d 1160 (2008)
Christopher JEAN-MARIE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-727.
District Court of Appeal of Florida, Fourth District.
November 5, 2008.
*1161 Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of manslaughter and argues that the trial court erred in prohibiting his counsel from pointing out, in closing argument, that the state had failed to call as a witness the detective who had taken appellant's statement and had investigated the crime. We affirm.
As a result of a fight and a stabbing in which the victim died, appellant was charged with second degree murder, but convicted of manslaughter. The witness at issue was a detective who took a statement from appellant and was involved in the investigation of the crime. Commendably, defense counsel asked the court in advance if counsel could comment during closing argument that an inference could be drawn, from the state's failure to call the detective as a witness, that the testimony of the witness would have favored the defendant. The court ruled that because the officer was equally available to the defense and could have been called as a defense witness, the argument would be improper.
Appellant relies on Haliburton v. State, 561 So.2d 248, 250 (Fla.1990), in which the Florida Supreme Court, quoting Martinez v. State, 478 So.2d 871 (Fla. 3d DCA 1985), held that it is permissible in argument to comment on a party's failure to call a witness where it is shown "that the witness is peculiarly within the party's power to produce and the testimony of the witness would elucidate the transaction." The type of witness who qualifies as one who is "peculiarly within the party's power to produce" is an area that is not entirely clear. Lawyer v. State, 627 So.2d 564 (Fla. 4th DCA 1993). A classic example about which there is no confusion would be where the witness is a relative or close friend of the defendant and could corroborate an alibi defense. Buckrem v. State, 355 So.2d 111 (Fla.1978).
In this case the trial court refused to allow the defense to comment because the court found that the officer was equally available to the defense and therefore not peculiarly within the state's power to produce. *1162 Appellant cites Martinez v. State, 478 So.2d 871 (Fla. 3d DCA 1985), as authority for the proposition that a police officer closely involved in developing a case for the prosecution would have a special relationship with the state. Martinez, however, actually involved the state's failure to call a co-defendant as a witness. In rejecting the defendant's argument, the Martinez panel gave examples of special relationships which have been found by the courts, and one of the examples was a police officer closely associated with the prosecution in developing its case who would therefore have an interest in seeing his or her police work vindicated by the defendant's conviction. The only citation for this example was United States v. Mahone, 537 F.2d 922 (7th Cir.1976).
We do not have to decide whether we agree with the Martinez dicta pertaining to the officer, because the second requirement for commenting about a missing witness, that the testimony of the witness would "elucidate the transaction," Haliburton, 561 So.2d at 250, has not been met here. The fact that the state used a portion of the statement appellant gave to the detective, or that the detective investigated the crime, does not demonstrate that the detective could elucidate anything.
As appellant recognizes, trial courts have discretion in regulating comments to be made in closing arguments. Occhicone v. State, 570 So.2d 902 (Fla. 1990). In the present case, in the absence of any explanation as to how this detective, who was not a witness to the crime, could have elucidated any relevant issue, the court did not abuse its discretion in prohibiting the comment.
At the beginning of this opinion we commended defense counsel for obtaining a ruling from the trial court before making the argument about the failure to call the witness. Because the making of such an argument by the state can violate the constitutional rights of a defendant, Jackson v. State, 575 So.2d 181 (Fla.1991), the importance of obtaining a ruling in advance becomes apparent. This procedure was suggested in Gass v. U.S., 416 F.2d 767 (D.C.Cir.1969), and we reiterated it in Lawyer, 627 So.2d at 568.
We have considered the other issue raised by defendant and find it to be without merit. Affirmed.
HAZOURI and DAMOORGIAN, JJ., concur.