WELLS, J.
 

 Hector Ubilla appeals from concurrent sentences as a violent career criminal following convictions for burglary of an unoccupied structure (count I) and grand theft (count II) in 1999.
 
 See
 
 § 775.084(l)(c),
 
 *1201
 
 Fla. Stat. (1997). For the following reasons, we affirm the sentence imposed for the burglary conviction, but reverse the sentence imposed for grand theft.
 

 Following a stipulation by Ubilla that he qualified for sentencing as a violent career criminal under section 775.084(l)(c) of the Florida Statutes, Ubilla was sentenced to two concurrent fifteen year, ten year minimum mandatory sentences as a violent career criminal in this case. These sentences were affirmed by this court.
 

 Ubilla subsequently filed a motion to correct illegal sentence claiming that his attorney had mistakenly stipulated to his qualification as a violent career criminal, and that his prior convictions did not meet the criteria set forth in section 775.084. At a hearing on this motion, the State introduced evidence of five prior convictions for either attempted burglary or burglary and proved that Ubilla had been released from prison within five years of the conviction for which he was being sentenced. Although Ubilla argued that the burglaries for which he had previously been convicted were of unoccupied structures and thus were not forcible felonies for which a section 775.084 sentence could be imposed, and that grand theft was not a crime for which a violent career criminal sentence could be imposed, the trial court again sentenced him to two concurrent fifteen year, ten year minimum mandatory violent career criminal sentences. No appeal was prosecuted from this sentence.
 

 Undaunted, Ubilla filed additional motions to correct his sentences, this time claiming that a prior conviction for attempted burglary could not be utilized as a qualifying predicate offense for a violent career sentence. Although these motions were denied, they were reversed on appeal following the State’s confession of error.
 
 See Ubilla v. State,
 
 922 So.2d 456 (Fla. 3d DCA 2006).
 

 On remand, the State again introduced evidence of four prior convictions for burglary of either unoccupied structures or of a conveyance. Two of these were treated as a single conviction since the sentences were imposed on the same day. Although these three convictions for burglary appeared to qualify Ubilla for a violent career criminal sentence, he argued that he did not qualify because neither the burglary for which he was being sentenced, nor those being used to habitualize him, involved the use or threat of physical force or violence so as to qualify him for habitu-alization under section 775.084(l)(c). For yet a third time, the same concurrent fifteen year, ten year minimum sentences have been imposed, bringing us to the current appeal.
 

 While we agree that the sentence imposed for the burglary conviction is appropriate, the sentence for the grand theft conviction is not. Ubilla’s argument that burglary of an unoccupied dwelling does not constitute a forcible felony that will support his sentence as a “violent career criminal” under section 775.084 of the Florida Statutes has been repeatedly rejected by this Court.
 
 See Hernandez v. State,
 
 960 So.2d 816, 817 (Fla. 3d DCA 2007) (citing
 
 Delsol v. State,
 
 837 So.2d 428 (Fla. 3d DCA 2002));
 
 Diaz v. State,
 
 837 So.2d 436 (Fla. 3d DCA 2002);
 
 Rodriguez v. State,
 
 826 So.2d 464 (Fla. 3d DCA 2002). In a case strikingly similar to this one, this Court confirmed that convictions for burglary of an unoccupied structure qualify for sentencing as a violent career criminal when the burglary at issue is either the primary felony for which sentence is being imposed or a qualifying predicate offense:
 

 Defendant-appellant Rodriguez was convicted of burglary of an unoccupied structure and other offenses. On the burglary count he was sentenced as a violent career criminal.
 

 
 *1202
 
 In his motion the defendant contends that he does not actually qualify as a violent career criminal. He reaches that conclusion because his three predicate offenses were all prior convictions for burglary of an unoccupied structure. He contends that these offenses do not qualify him as a violent career criminal.
 

 The violent career criminal statute provides, in pertinent part, that qualifying offenses include “[a]ny forcible felony, as described in s. 776.08.” § 775.084(l)(c)l.a., Fla. Stat. (Supp. 1998).
 

 Section 776.08, Florida Statutes (1997), provides:
 

 776.08 Forcible felony. — “Forcible felony” means treason; murder; manslaughter; sexual battery; carjacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual.
 

 (Emphasis added).
 

 Because burglary is an enumerated forcible felony, it follows that the defendant qualifies under the statute. Section 776.08 does not distinguish between burglary of an occupied or unoccupied structure or conveyance.
 
 See State v. Emmund,
 
 698 So.2d 1318, 1319 & n. 2. (Fla. 3d DCA 1997).
 

 The defendant points out that the final portion of section 776.08 refers to “any other felony which involves the use or threat of physical force or violence against any individual.” He contends that the phrase “involves the use or threat of physical force or violence against any individual” must be read as a limitation on all of the crimes listed in the forcible felony statute. Thus, under the defendant’s reading, a burglary would be a forcible felony only if in the particular circumstances of the crime, there had been the use or threat of physical force or violence against an individual.
 

 We do not agree with that reading of the statute. As we view the matter, the definition includes all enumerated felonies, plus any additional felony which involves the use or threat of physical force or violence against an individual.
 
 See Hudson v. State,
 
 800 So.2d 627, 628-30 (Fla. 3d DCA 2001) (on motion for rehearing granted) (analyzing the non-enumerated felony of shooting or throwing a deadly missile in violation of section 790.19, Florida Statutes).
 

 Affirmed.
 

 Rodriguez,
 
 826 So.2d at 465 (footnote omitted).
 

 Ubilla’s violent career criminal sentence for burglary of an unoccupied structure is, therefore, affirmed.
 

 However, the violent career criminal sentence imposed on his theft conviction must be reversed because theft does not qualify as either a predicate offense or as a primary offense for which such a sentence may be imposed.
 
 See
 
 § 775.084(l)(c)l.a.-g., Fla. Stat. (1997) (listing the primary and predicate qualifying offenses as aggravated stalking, aggravated child abuse, aggravated abuse of an elderly person; lewd, lascivious, or indecent conduct; escape; felony violation of chapter 790 involving use or possession of a firearm; and a forcible felony under section 776.08); § 776.08, Fla. Stat. (1997) (defining a forcible felony as “treason; murder; manslaughter; sexual battery; caijacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; un
 
 *1203
 
 lawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual”). Since theft is not listed in section 775.084(l)(c) as either a primary or a predicate offense, and since theft does not by definition involve the use or threat of physical force or violence, it does not qualify as either a primary or predicate qualifying offense for violent career criminal enhancement under section 775.084.
 
 See
 
 § 812.014(l)(a)-(b), Fla. Stat. (1997) (“A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or use, the property of another with intent to, either temporarily or permanently: (a) [d]eprive the other of a right to the property or a benefit from the property [or] (b) [appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.”).
 

 Accordingly, Ubilla’s fifteen year, ten year minimum mandatory sentence for burglary is affirmed; his violent career criminal sentence for theft is reversed and remanded to the court below for re-sentencing on this count alone.