CIKLIN, J.,
concurring specially.
I concur with the majority but write separately to address the prosecutor’s closing argument. While many of the prosecutor’s statements at issue here may be fairly classified as legitimate rebuttal, ad hominem attacks on one’s opposing counsel are anathema to the profession of lawyering.
“Resorting to personal attacks on defense counsel is an improper trial tactic which can poison the mind of the jury.” Wicklow v. State, 43 So.3d 85, 87-88 (Fla. 4th DCA 2010). Justice is not served when an officer of the court employs verbal tactics more appropriately found in reality television. We could not have been clearer when we previously warned that “it is never acceptable for one attorney to effectively impugn the integrity or credibility of opposing counsel before the jury.” Id. at 88.
While the majority has concluded, and I agree, that the personal attacks uttered by the prosecutor do not rise to fundamental error in this case, I believe that they are dangerously close to crossing that line. “Claims of manipulation and deception by opposing counsel have no place in a closing argument.” Wicklow, 43 So.3d at 87. This type of offensive argument demeans the legal profession and derides the concept of justice. For many Americans, the only actual exposure they have to the criminal justice system is jury service and therefore, trial attorneys must be particularly mindful about the lasting image their courtroom advocacy creates.
As Judge Blue succinctly stated, “Many of these cases result in an affirmance because of a failure to preserve the claim of error or we conclude ... the error is harmless. Neither of these reasons converts improper argument into proper.” Palazon v. State, 711 So.2d 1176, 1178 (Fla. 2d DCA 1998) (Blue, J., concurring specially).