FORST, J.
Fede Datilus appeals his convictions and sentences for sexual battery on a person less than twelve, lewd or lascivious molestation, and impregnation of a child. On appeal, he contends that the trial court abused its discretion by (1) sustaining the State’s Haliburton[1] objection when defense counsel attempted to comment on the State not calling a witness, and (2) denying the defendant’s motion for mistri *124 al after the prosecutor commented during closing arguments that she was not trying to “obscure the truth.” We conclude that the trial court did not abuse its discretion with respect to these two rulings.
The victim in this case was ten years old at the time she became pregnant. After the baby was delivered, police obtained a DNA sample from the baby and the victim. Ultimately, a DNA sample was also collected from the defendant, as well as several other males who were living in the home around the time that the victim became pregnant.
The State’s forensic scientist testified that she analyzed the DNA samples collected from the victim, the baby, the defendant, and from two other males. In her initial analysis, the expert excluded the defendant as the biological father. Her findings were approved by a supervisor, and she issued a verbal report of these findings to the investigative officials. As she was preparing her written report, however, the expert realized that she had made a mistake in her analysis due to a misreading of the data. The expert witness reported her mistake(s) to her supervisor, and then re-analyzed the DNA samples. After this second analysis, the expert was not able to exclude the defendant as the father of the victim’s child. The expert documented these findings within a written report, which the same supervisor then approved. At trial, the expert testified that she had no doubt in the accuracy of the second test’s results.
During closing argument, defense counsel began to argue that the jury should infer that the initial test was correct, and that the State failed to produce the supervisor who signed off on the initial, verbal report:
[S]he had the results [that the defendant was not the father] verified. And she testified that some person who verified it, who didn’t come in here and testify how they made that mistake also.
The State objected to this statement, citing HaMburton v. State, 561 So.2d 248 (Fla.1990). This objection was sustained. Even after this objection was sustained, however, defense counsel continued to argue to the jury that “for the first time [the expert witness]' talked about who this person who verified it was. And this person wasn’t brought here either.”
The State then began its closing by stating, “Members of the jury, let’s talk about the truth. Isn’t that what we’re here for? Not to obscure, not to look at issues....” At this point, the defense counsel objected and moved for a mistrial. This motion was denied.
After closing argument, the jury returned a verdict convicting the defendant on all three counts. The defendant now appeals his conviction and argues that (1) the trial court erred in sustaining the State’s HaMburton objection; and (2) the court erred by denying the defendant’s motion for mistrial made after the State’s allegedly improper comments.
The trial court did not abuse its discretion by sustaining the State’s Haliburton objection
Trial courts have discretion in regulating closing arguments; “thus, a trial court’s rulings on comments made within closing arguments are reviewed for an abuse of discretion.” Jackson v. State, 89 So.3d 1011, 1018 (Fla. 4th DCA 2012). “[I]t is permissible in argument to comment on a party’s failure to call a witness where it is shown ‘that the witness is peculiarly within the party’s power to produce and the testimony of the witness would elucidate the transaction.’ ” Jean-Mane v. State, 993 So.2d 1160, 1161 (Fla. *125 4th DCA 2008) (quoting Haliburton, 561 So.2d at 250).
The opinion in Martinez v. State, 478 So.2d 871 (Fla. 3d DCA 1985) compiled the following examples of relationships that would place a witness “peculiarly within the party’s power to produce”:
(1) the witness was the defendant’s daughter;
(2) there was a friendship between the party and witness;
(3) the witness was the employer of the defendant;
(4) the witness was a police officer closely associated with the government in developing its case and had an interest in seeing his or her police work vindicated by defendant’s conviction;
(5) the witnesses were state employees who were present at an allegedly suggestive pretrial line-up and were still in the state’s employ at the time of trial, and;
(6) the witness was an informer associated with the government in developing the case against the defendant and there was no indication at trial of any break in the association.
Martinez, 478 So.2d at 872 (internal citations omitted). The court in Martinez held that no special relationship existed between a co-defendant and the State because the co-defendant was no less available to the defendant than to the State. Id.
Similarly, in Hernandez v. State, 960 So.2d 816, 817 (Fla. 3d DCA 2007), the Third District held that no special relationship existed between the State and an officer-technician who was an uncalled witness. Id. There, the defendant was not permitted to argue the inference that this witness’s testimony would be negative to the State. Id. The court in that case held: “The fact that a potential witness, even a police officer who worked on the case, is not called by the State does not give the defendant [an] absolute right to insinuate on closing argument that the witness’s testimony would be negative to the State.” Id. (further noting that “[w]hen such witnesses are equally available to both parties, no inference should be drawn or comments made on the failure of either party to call the witness”).
In the instant case, the uncalled witness was the supervisor who reviewed the testifying expert’s initial conclusion that the defendant was not the father of the victim’s child, a conclusion which the testifying expert later determined to be incorrect as a result of her own mistake(s). The subsequent, revised conclusion was also reviewed and approved by the same supervisor. As in Hernandez, the defendant in the instant case did not have the absolute right to insinuate on closing argument that the testimony of the supervisor would be negative to the State. See Hernandez, 960 So.2d at 817. The supervisor simply verified the work of another who was working on the instant case. Not only was the supervisor equally available to both parties, but this relationship between the uncalled witness and the State is even more attenuated than those discussed in Martinez and Hernandez, where appellate courts held that no special relationship existed.
Furthermore, although the supervisor signed off on the initial, verbal report concluding that the defendant was not the father, the same supervisor also signed off on the subsequent, written report that did not exclude the defendant as the father. After the testifying expert explained to the supervisor what happened in her initial analysis, the supervisor called a meeting at which the testifying expert was ordered to explain her mistake(s) to her colleagues. Accordingly, and as in Hernandez, calling *126 the supervisor as a witness likely would have served only to more effectively prosecute the defendant by bolstering the testifying expert’s “error free” conclusion that the defendant could not be excluded as the father. See Hernandez, 960 So.2d at 817 (noting that it was admitted at oral argument that calling the technician would have “only further ‘prosecut[ed] our own client’ ”).
Based on the foregoing, we find no error in the trial court’s sustaining the State’s Haliburton objection.
The trial court properly denied the defendant’s Motion for Mistrial because the alleged inappropriate comments made by the State were not improper.
“[Á] trial court’s rulings on comments made within closing arguments are reviewed for an abuse of discretion.” Jackson, 89 So.3d at 1018. “Likewise, a trial court’s ruling on a motion for mistrial is reviewed for an abuse of discretion, and the court should grant a mistrial only where the error is so prejudicial that it vitiates the entire trial.” Id.
It is true that “[rjesorting to personal attacks on defense counsel is an improper trial tactic which can poison the mind of the jury.” Wicklow v. State, 43 So.3d 85, 87-88 (Fla. 4th DCA 2010). However, there is no evidence in the record that the State in this case resorted to such personal attacks.
The defendant claims that the trial court abused its discretion by denying his motion for mistrial after the State made the following comment during closing: “Members of the jury, let’s talk about the truth. Isn’t that what we’re here for? Not to obscure, not to look at issues....” At this point, the defense counsel objected and approached the bench, where the following side-bar was had:
[Defense counsel]: I’m asking for a mistrial. The State is suggesting that the Defense theory of defense is to obscure and to hide from the truth. And that’s not all my argument. And so I’m asking for a mistrial and to move to strike that argument, that the Defense’s argument is trying to suggest we’re obstructing — trying to hide the truth. [State]: The State’s responding to the attack on the State during the Defense’s closing statement ... regarding obscuring the truth.[2] So I’m just going on to explain why we’re not obscuring the truth.
[Court]: Anything else? ... Motion for mistrial is denied.
Thereafter, the State continued its closing:
[Defense counsel] stated that the State’s trying to pull a fast one, that we’re trying to obscure the answer. Members of the jury, let’s break it down and look for the answer, what the evidence actually shows, the evidence that was actually presented to you during the course of the trial....
Contrary to the defendant’s arguments at trial and on appeal, we find no eiror in the trial court’s permitting these comments. Moreover, these statements clearly were not so prejudicial that they “vitiate[d] the entire trial.” See Jackson, 89 So.3d at 1018. Thus, the trial court did not abuse its discretion in denying the defendant’s motion for a mistrial.
*127 Accordingly, we affirm the defendant’s conviction for sexual battery on a person less than twelve, lewd or lascivious molestation, and impregnation of a child.

Affirmed.

GROSS and MAY, JJ., concur.

. Haliburton v. State, 561 So.2d 248 (Fla. 1990).

. During closing, defense counsel argued:
[Tjhere are three types of lies; lies, damn lies and statistics.... I submit what the State’s trying to do is pull a fast one on you. They have a — a smart man up there who’s accomplished, has done other great things. He’s trying to obscure the real answer from you that he's not — he can’t be 99.99 percent sure.